J. H. BOWEN AND WIFE, PELLA BOWEN, AND DR. E. H. BOWLING, v.
THE FIDELITY BANK.

(Filed 22 January, 1936.)

**1. Damages F b—**

When plaintiff proves breach of contract he is entitled to nominal damages at least, but may recover substantial compensatory damages only upon proof of such damages by the greater weight of the evidence, and that such damages were naturally and proximately caused by the breach of contract.

**2. Damages A a—**

Compensatory damages are allowed to recompense a party for an injury, and should as nearly as possible place the injured party in the position he would have occupied had he not suffered the injury complained of.

**3. Mortgages H p—Mortgagor held entitled to nominal damages only for wrongful foreclosure in absence of showing of actual damages.**

Plaintiffs, a mortgagor and a purchaser from the mortgagor of a part of the lands mortgaged, instituted action against the mortgagee for breach of contract, plaintiffs alleging that the mortgagee agreed to release that part of the lands sold from the lien of the instrument upon the assignment to him of the purchaser's note secured by deed of trust on such part, and that the mortgagee breached the contract by causing the original deed of trust on the entire tract to be foreclosed. It appeared that the mortgagor obtained, as the purchase price of the land sold, in addition to the purchase money note hypothecated, certain lots conveyed to him by his purchaser. It further appeared that the mortgagee first foreclosed under the instrument securing the purchaser's collateral note, but that the sale was not consummated because of defect in description, and that the mortgagee later caused the original instrument on the entire tract to be foreclosed. The jury awarded the purchaser substantial damages, but under instructions from the court awarded the mortgagor nominal dam-

ages only. *Held:* In the absence of allegation that the sale of the part of the lands agreed to be released from the lien of the original instrument would have brought a sum sufficient to preserve the mortgagor's equity in the balance of the tract, or of evidence as to its value, the mortgagor is entitled to nominal damages only, since the mortgagor retained title to the lots conveyed to him by his purchaser, and the hypothecated note was credited on his indebtedness to the mortgagee, and he thus received the benefit of the entire purchase price of the part of the lands sold by him, and was in the same position he would have occupied if the mortgagee had not breached his contract.

**4. Contracts F c—**

In an action for breach of contract, a demurrer cannot be sustained if the allegations of the complaint are sufficient to entitle plaintiff to at least nominal damages.

**5. Pleadings G a—**

Allegation without proof and proof without allegation are equally fatal.

APPEAL by defendant from *Daniels, Emergency Judge,* at March Term, 1935, of DURHAM. Reversed.

J. H. Bowen and wife brought their action against defendant bank to recover damages for failure to release certain land from a deed of trust which had been executed by E. H. Bowling. Bowen alleged substantially that E. H. Bowling, then the owner of 32.6 acres of land, had executed a deed of trust thereon in the sum of $4,250, and that this deed of trust was held by defendant bank to secure a debt of Bowling in the sum of $1,780; that Bowen agreed to purchase 9.65 acres of this land from Bowling and in payment to give Bowling certain lots valued at $3,400, and, in addition, a note of $1,600 to Bowling, secured by deed of trust on the 9.65 acres, this agreement conditioned upon Bowling's securing release of the 9.65 acres from the operation of the deed of trust on the entire tract of 32.6 acres; that the defendant bank agreed to release the 9.65 acres on condition that Bowling place with it as additional collateral to his notes the $1,600 deed of trust of Bowen to Bowling on the 9.65 acres, and that pursuant to this agreement conveyances were executed and delivered, and the $1,600 paper delivered to Bowling was by him turned over to the bank as collateral to his notes; that the bank failed to release the 9.65 acres and later foreclosed on the entire tract of 32.6 acres, including the 9.65 acres, and title thereto was conveyed to an innocent purchaser, whereby Bowen lost his land. And Bowen asked damages for the market value of the 9.65 acres, less this $1,600 note and deed of trust thereon.

Pending the action, E. H. Bowling was allowed to become a party, and to file an intervening complaint. In his intervening complaint Bowling set forth the transaction substantially as Bowen had done in his complaint, set out in detail the agreement between him and Bowen with

reference to the 9.65 acres (1929), Bowen's agreement to purchase at the price of $5,000, the conveyance to Bowling of lots valued at $3,400, execution of note and deed of trust to Bowling of $1,600 on the 9.65 acres "upon condition that Bowling secure a release of said 9.65-acre tract from the operation of the original deed of trust, which covered the entire 32.6-acre tract, and further upon condition that E. H. Bowling secure release from the First National Bank of Durham of said 9.65-acre tract from the operation of a lien existing by reason of a judgment against E. H. Bowling;" that this was agreed to by all the parties on condition that Bowling turn over the $1,600 note and deed of trust to defendant bank as collateral security for his notes; that the conveyances were executed and Bowling immediately turned over the $1,600 note and deed of trust to defendant bank; that the First National Bank released the lien of its judgment, but that defendant Fidelity Bank failed to release the 9.65-acre tract from its deed of trust.

That thereafter, in September, 1932, the defendant bank instructed the trustee in the $1,600 deed of trust to sell the 9.65 acres under the power contained in the deed of trust; that several sales were made, the last being on 27 October, 1932, in the sum of $1,044, but the sale was not consummated because "the bidder declined to take title to said 9.65 acres of land, suggesting as his only reason that there was some error in the description in the deed of trust;" that thereafter, in January, 1933, defendant bank instructed the trustee to sell under the original deed of trust on the entire tract of 32.6 acres, which was done, and title conveyed to the purchaser, Johnson, in March, 1933.

And the intervening plaintiff Bowling alleges his damages in the following language: "10. That by the wrongful foreclosure on 18 January, 1933, the defendant corporation, the Fidelity Bank, acted in absolute disregard of the solemn contract made with the intervening plaintiff, although the contract had been fully performed on the part of the intervening plaintiff; that the said property containing 9.65 acres was and is a valuable tract of land; that it is one of the few old grist mill sites in this section of North Carolina; that the said mill had been in operation for over a half a century; that on 18 January, 1934, said mill site, containing the 9.65 acres, was well worth the sum of $5,000; that the intervening plaintiff's loss and embarrassment caused by the wrongful acts of the defendant was intensified by reason of the eviction, under the deed of Johnson embracing the 32.6-acre tract, of J. H. Bowen, who had relied upon the representations of E. H. Bowling as to the release contract made with the defendant corporation for Bowen's benefit."

Defendant bank filed answers denying it had agreed to release the land, or that it was liable to either plaintiff.

Both the plaintiff Bowen and the intervening plaintiff Bowling offered evidence in support of the allegations in their complaints, and the defendant likewise offered evidence in contradiction. Plaintiff offered evidence showing that, upon the sale under the original deed of trust on the 32.6 acres in 1933, the land brought $2,700, and that the trustee made report showing that after payment of notes of E. H. Bowling $1,780, note to East Durham branch $333.19, and all taxes and costs of sale, there was no surplus. In the course of examination of intervening plaintiff E. H. Bowling the following questions were asked: "Q. Have you an opinion satisfactory to yourself as to the value of the 22 acres of land? Court: Value of the 22 acres? Mr. Hedrick: 22 acres remaining after taking off the 9.65 acres. (Objection.) Court: As I recall the complaint of Dr. Bowling, his complaint is that he was injured by reason of the sale of 9.65 acres. He does not complain about any injury as to the sale of the rest of it."

The following issues were submitted to the jury, who for their verdict answered them as follows, to wit:

"(1) Did the defendant enter into an agreement to release the 9.65-acre tract of land from the 32.6-acre tract embraced in the $4,250 deed of trust, as alleged in the complaint and in the intervening complaint?"

"A. Yes."

"(2) If so, did the defendant commit a breach of the agreement to release the 9.65-acre tract of land from the $4,250 deed of trust, as alleged in the complaint and in the intervening complaint?"

"A. Yes."

"(3) If so, what amount of damages, if any, is the plaintiff J. H. Bowen entitled to recover?"

"A. $2,400."

"(4) If so, what amount of damage is the intervening plaintiff, Dr. E. H. Bowling, entitled to recover of the defendant?"

"A. $1.00."

There was judgment on the verdict in favor of plaintiff Bowen, from which defendant noted appeal. Defendant, however, abandoned its appeal as to Bowen, and, on motion of appellees, Bowen and wife, the appeal as to them is dismissed.

Upon motion of intervening plaintiff, E. H. Bowling, the court ordered that the verdict on the fourth issue be set aside as a matter of law, and to this ruling defendant the Fidelity Bank excepted and appealed.

*Egbert L. Haywood for Dr. E. H. Bowling.*
*Fuller, Reade & Fuller for defendant, the Fidelity Bank.*

DEVIN, J. The only question presented by this appeal is whether the court erred in setting aside the verdict on the fourth issue, as a matter of law.

Upon this issue the court had charged the jury as follows:

"If you have answered the first and second issues 'Yes,' then I charge you that if you believe the evidence in this case, or find the facts to be as it tends to prove, you cannot award to Dr. Bowling more than nominal damages, that is, a small sum of money, for instance, a penny, or dollar, or five dollars, or some such amount. The court further charges you that if you believe the evidence and find the facts to be as they tend to prove, you cannot award to Dr. Bowling any substantial damages because there is no evidence of actual damage suffered by him as a result of the alleged breach of contract."

In a suit for damages for breach of contract, proof of the breach would entitle the plaintiff to nominal damages at least. *Hutton v. Cook,* 173 N. C., 496. But to entitle him to substantial compensatory damages he must both allege and offer evidence sufficient to satisfy the jury by the greater weight thereof that he has suffered substantial damage, naturally and proximately caused by the breach.

This the intervening plaintiff has failed to do.

It has been uniformly held by the courts, and stated by text-writers, that compensatory damages are allowed as indemnity to the person who suffers loss, in satisfaction and recompense for the loss sustained. The purpose of the law is to place the party as near as may be in the condition which he would have occupied had he not suffered the injury complained of. 8 R. C. L., 433. As was said by *Walker, J.,* in the leading case of *Machine Co. v. Tob. Co.,* 141 N. C., 284: "Generally speaking, the amount that would have been received if the contract had been kept and which will completely indemnify the injured party is the true measure of damages for its breach."

Plaintiff's counsel forcefully argued that he was damaged with respect to the balance of the purchase price of the 9.65 acres for which Bowen had given Bowling his note of $1,600. But plaintiff received full value for his land, in that he obtained lots valued at $3,400 and a note of $1,600, which, according to his agreement, was assigned by him to defendant bank as collateral security for Bowling's notes, and Bowling received credit for the $1,600 in the sale of the land in the reduction of and cancellation of his admitted indebtedness to the bank.

He could not, and does not, claim damages on the ground that if the bank had released the 9.65 acres according to contract, the sale of the 9.65 acres so released would have brought a sufficient amount to have reduced the encumbrance on the remaining 22 acres to the extent that some equity therein would have been preserved to him, for the reason that

he alleges the attempted sale of the 9.65 acres under the $1,600 paper was not consummated solely because of a discrepancy in the description of the land, and there was no evidence before the court as to the value of the remaining 22 acres, and as stated by the court below, "he does not complain about any injury as to the sale of the rest of it."

So that, according to the pleadings and testimony disclosed by the record before us, he would have been in no better position if the contract to release had been performed, for he would still have owed his notes to the bank, and the bank still would have held the $1,600 note to be credited, on foreclosure, on all the Bowling notes, as was eventually done.

One of plaintiff's counsel did ask a question as to the value of the 22 acres, but the witness failed to answer, and no exception was noted nor does it appear what the answer to the question would have been.

The defendant filed in this Court a demurrer *ore tenus* upon the ground that the complaint failed to allege any damage sustained by the intervening plaintiff. While a demurrer would not lie because plaintiff upon his allegation was entitled at least to nominal damages, it is a well established principle of law that allegation without proof, and proof without allegation, are equally fatal. *McCoy v. R. R.*, 142 N. C., 384.

It is not enough for the plaintiff Bowling to say he has been damaged. That is a conclusion. He must allege facts sufficient to show that in some material respect he has been damaged and caused to suffer loss.

The defendant contends that from reading section 10 of the complaint, which contains plaintiff's averment of damage, the inference is permissible that the gravamen of the injury complained of, as therein stated, was the embarrassment of the plaintiff, intensified by the eviction of Bowen, who had relied upon the representations of the plaintiff, and that since Bowen, by the verdict of the jury and judgment thereon, has been fully compensated, much of plaintiff's embarrassment has been mollified.

We conclude, therefore, that the first impression of the learned judge who presided over the trial of this case was the correct one, and that plaintiff was only entitled to nominal damages.

The order setting aside the verdict on the fourth issue, as a matter of law, is reversed, and the case is remanded for judgment, in accordance with the verdict as rendered, that the intervening plaintiff, E. H. Bowling, recover of the defendant the Fidelity Bank the sum of one dollar and his costs of action.

Reversed.