REDEVELOPMENT COMMISSION OF HIGH POINT, Petitioner, v. W. S. SMITH and Wife, ALBERTA SMITH, GUILFORD COUNTY and CITY OF HIGH POINT, Respondents.

(Filed 13 December, 1967.)

**1. Eminent Domain § 9—**

In condemnation proceedings the issue as to the amount of compensation is for determination *de novo* by jury trial in the Superior Court. G.S. 40-19, G.S. 40-20.

**2. Eminent Domain § 6—**

In a condemnation proceeding the fact that the respondent's expert witness had served as one of three commissioners has no bearing upon his competency as a witness or upon the competency of his testimony relating to the value of the property condemned; nor may the respondent seek to buttress the witness' testimony by a showing that the clerk had appointed him as a commissioner.

**3. Same—**

In a condemnation proceeding, evidence tending to show that the respondent's expert witness had served as a commissioner in assessing respondent's damages, *held* not prejudicial in view of the fact that the petitioner sought to impeach the witness' testimony on cross-examination by

questioning the discrepancy between his testimony on trial as to the property's value and an amount stated in a paper bearing the witness' signature, it then being brought out in explanation by respondent on redirect that the paper was the commissioners' report and that the figure therein represented their composite views.

**4. Trial § 37—**

Ordinarily, error in stating the contentions of a party must be brought to the trial court's attention in apt time to afford opportunity for correction.

APPEAL by petitioner from *Crissman, J.,* May 20, 1967 Special Civil Session of GUILFORD, High Point Division.

Petitioner, Redevelopment Commission of High Point (Commission), pursuant to authority conferred by the "Urban Redevelopment Law," G.S. Chapter 160, Article 37, instituted this special proceeding, as authorized by G.S. 160-465, in accordance with the procedure prescribed by G.S. Chapter 40, Article 2, to acquire by condemnation the fee simple title to described property known as 507-509 East Commerce Street, High Point, North Carolina, owned by respondents Smith. The City of High Point and Guilford County were joined as respondents on account of their claims for ad valorem taxes. Hereafter the word "respondents" will refer only to respondents Smith.

The subject property, which is within the East Central Urban Renewal Area, fronts eighty-five feet on East Commerce Street and extends therefrom two hundred feet. A five-room house designated 507 Commerce Street and a four-room house designated 509 Commerce Street are located thereon.

Commissioners assessed respondents' damages at $9,100.00 and the clerk confirmed their report. Respondents excepted, appealed and demanded a trial by jury.

In the superior court, all issues, including petitioner's right to condemn, were determined by stipulation except the issue as to the amount of compensation to be paid respondents. It was stipulated that November 8, 1965, was the date respondents' property was taken by petitioner.

Upon trial, the court submitted, and the jury answered, the following issue: "What is the total fair market value of the real property described in the petition as of November 8, 1965? ANSWER: $11,000.00."

The court entered judgment providing that, upon payment of $11,000.00 plus interest and costs, including a fee to respondents' attorney, the title of respondents would be divested and petitioner would be the owner in fee simple of the subject property.

Petitioner excepted and appealed.

*Haworth, Riggs, Kuhn & Haworth, Don G. Miller and Robert L. Cecil for petitioner appellant.*
*Thomas Turner for respondents appellees.*

BOBBITT, J. The issue as to the amount of damages or compensation was for determination *de novo* by jury trial in the superior court. G.S. 40-19; G.S. 40-20; *Proctor v. Highway Commission,* 230 N.C. 687, 55 S.E. 2d 479; *Gallimore v. Highway Comm.,* 241 N.C. 350, 85 S.E. 2d 392.

Henry Shavitz, called by respondents, testified, after qualification, as an expert witness in the field of real estate appraisal. On direct examination, he testified in his opinion the fair market value of the subject property as of November 8, 1965, was $11,000.00. No reference was made to the fact he had served as one of the three commissioners. The fact he had served as commissioner had no bearing upon his competency as a witness or upon the competency of his testimony. Admittedly, respondents would not be entitled to show, for the purpose of buttressing the qualifications and testimony of Shavitz, that the clerk had appointed him as a commissioner. *Light Co. v. Smith,* 264 N.C. 581, 142 S.E. 2d 140.

After completion of Shavitz' direct testimony, evidence was admitted with reference to the appointment and service of Shavitz as commissioner. Petitioner assigns the admission thereof as error. The validity of petitioner's contention must be determined in the light of the circumstances under which this evidence was received.

On cross-examination, counsel for petitioner confronted Shavitz with a paper bearing three signatures, the middle signature being that of Shavitz, in which the subject property was valued at $9,100.00. When called upon to explain the discrepancy between the figure appearing on the paper and his testimony at trial, Shavitz stated in substance he was one of three signers of the paper, but that the preliminary investigation and preparation of the paper had been done somewhat hastily. The obvious purpose of this cross-examination was to impeach, not to buttress, the testimony of Shavitz. On redirect examination, over objection, it was brought out by counsel for respondents that the paper was the report of the commissioners. Shavitz then stated in further explanation of the discrepancy that $9,100.00 was a composite figure fixed by the three persons who signed the report and did not necessarily represent his personal views. On recross-examination, the report was identified at the instance of petitioner's counsel. Shavitz was cross-examined at length concerning the qualifications of Mr. Clinard and of Mr. Vaughn, the other two commissioners. Later the report was offered in evidence by respondents and was admitted without objection. In this

manner, the veil of secrecy, if any, with which counsel for petitioner sought to clothe the identity of the paper during his original cross-examination of Shavitz was removed. Whether Shavitz' credibility as a witness at trial was impaired by the fact he had signed the paper was before the jury for consideration in the light of the actual facts.

Neither Mr. Clinard nor Mr. Vaughn was called by either party. The commissioners' report disclosed the three commissioners, in their composite judgment, had valued the subject property at $9,100.00. This brought to the attention of the jury the views of Clinard and Vaughn. Under the circumstances, the evidence tending to show Shavitz had served as a commissioner cannot be considered of such prejudice to petitioner as to justify a new trial.

It is noted that there was ample evidence apart from the testimony of Shavitz to support the jury's verdict.

Petitioner's remaining assignments of error, other than formal assignments, relate to two excerpts from the charge. These excerpts, which include certain inaccurate statements in respect of certain evidence, are taken from the portion of the charge in which the court was stating the contentions of petitioner. The failure of counsel for petitioner to call these inaccuracies to the court's attention indicates they were not considered to have prejudicial significance. "(A)n assignment of error based on an exception to statements in the charge giving the contentions of the parties, and not called to the attention of the court at the time they are made, in order to give the court an opportunity to make a correction of any erroneous statement made therein, will not be upheld." *Rudd v. Stewart,* 255 N.C. 90, 96, 120 S.E. 2d 601, 606; 4 Strong, N. C. Index, Trial § 37. Such misstatements as occur in these excerpts are not considered of such prejudicial significance as to constitute sufficient ground for the award of a new trial.

Petitioner having failed to show prejudicial error, the verdict and judgment will not be disturbed.

No error.