MICHAEL L. COLE v. EARL SORIE AND HALLIE M. SORIE

No. 786SC666

(Filed 5 June 1979)

1. **Trial § 16— allowance of motion to strike—failure to instruct jury not to consider stricken testimony**

   Defendant was not prejudiced by the trial court's failure, after allowing defendant's motion to strike testimony, to instruct the jury that the stricken testimony should not be considered in the jury's deliberations of the case where the record discloses that the jury must have understood that the stricken testimony was not to be regarded as evidence in the case.

2. **Contracts § 26.3— breach of contract—labor costs—some costs not covered by contract—credibility**

   In a builder's action to recover under a construction contract, the trial court did not abuse its discretion in refusing to strike plaintiff's testimony regarding his claim for labor costs because certain of the claimed costs allegedly were not recoverable under the contract, since this was a matter affecting plaintiff's credibility and did not render all evidence on labor costs incompetent, and it was incumbent upon defendant to bring out on cross-examination and in jury argument the fact of these excess charges in mitigation of the damages claimed.

3. **Contracts § 28.1— breach of contract action—instruction on defendant's contentions**

   In this action for breach of a construction contract, the trial court's instruction that defendant contended he had paid plaintiff "$114,000 and had provided in his own services and things rendered in an amount of $8000 to $10,000 and that represents all of the money due under the contract" could not have

been misleading to the jury where the court had just correctly instructed the jury that defendant contended that the parties had an oral agreement that the cost of construction would not exceed $117,000, that he had already paid plaintiff $114,000, and that he did not breach the contract by refusing plaintiff's demand for an additional $41,518.

**4. Contracts § 27.3— breach of contract—absence of evidence of damages— nominal damages**

The trial court erred in refusing to submit to the jury defendant's claim for plaintiff's breach of a construction contract because defendant failed to produce evidence of damages since defendant's evidence of plaintiff's breach of the contract entitled defendant to nominal damages at least.

APPEAL by defendant from *Browning, Judge.* Judgment entered 28 March 1978 in Superior Court, HALIFAX County. Heard in the Court of Appeals 4 April 1979.

Plaintiff initiated this action upon a construction contract with defendant to construct a residence in Halifax County. Plaintiff alleges that he and defendant entered into a contract wherein defendant agreed to pay the actual cost of labor, materials, and subcontracts, plus 5% of that cost for "overhead" and 10% of cost for profit. Plaintiff alleges that he has completed the dwelling in accordance with the plans and specifications, but that defendant has refused to pay the remaining balance allegedly due in the amount of $41,518.19. He prayed for judgment in that amount and that such amount be declared a lien on the property as of 23 October 1975, the date labor or materials were first furnished to the site, pursuant to the statutory materialmen's lien provisions. Defendant answered, averring that the contract of construction was partly written and partly oral, part of the oral agreement being that the price would not exceed $117,000, and that defendant had already paid $114,000. Defendant further alleged that plaintiff had failed to complete the construction in a workmanlike manner or according to the owners' plans and specifications as required by the contract. Defendant also moved that his wife, Hallie M. Sorie, be dismissed from the lawsuit.

The action was tried before a jury. Hallie M. Sorie was dismissed as a party to the suit, and the jury returned a verdict for plaintiff against defendant Earl Sorie in the amount of $42,620.76. Defendant appeals.

*Clark & Godwin, by Charlie D. Clark, Jr., for plaintiff appellee.*

*Hux & Livermon, by James S. Livermon, Jr., for defendant appellant.*

MORRIS, Chief Judge.

Defendant has brought forward on appeal five assignments of error. We will address the arguments in support of each assignment of error in the order in which they appear in the briefs with the exception of Assignment of Error No. 3, which we find to be without merit and not requiring discussion.

[1]   Defendant first assigns error to the trial court's failure to instruct the jury, after allowing defendant's motion to strike certain testimony, that the testimony stricken from the record should not be considered by the jury in their deliberations on the case. In *Moore v. Insurance Co.*, 266 N.C. 440, 146 S.E. 2d 492 (1966), the Supreme Court faced the precise question here presented by defendant. That Court's resolution of the issue is equally applicable in this case. We quote:

> "Although the proper procedure, upon allowing a motion to strike an answer not responsive to the question, is for the court immediately to instruct the jury not to consider the answer, we think that the failure to do so in this instance, in view of the court's prompt allowance of the motion to strike, is not prejudicial error. The jury could only have interpreted the ruling of the court as meaning that the answer given by the witness was not to be regarded as evidence in the case." 266 N.C. at 450, 146 S.E. 2d at 500.

[2]   Defendant next assigns error to the trial court's denial of his motion to strike certain testimony of the plaintiff elicited on direct examination. Defendant sought to have the trial court strike all of the plaintiff's testimony regarding any portion of his claim for labor costs. The basis for this motion was the fact that plaintiff's testimony on cross-examination suggested that he was billing defendant for his personal labors expended on the house and for other labor expended in pouring a concrete slab for a tobacco barn on the defendant's farm. Defendant argues that these matters were irrelevant and not properly includable in plaintiff's

claim for relief under the construction contract, because he contends plaintiff's labor was compensated for by the 10% profit in the contract, and because labor expended on projects other than construction of the dwelling were not due under the contract upon which this suit is based. Defendant concedes that the ruling on the motion to strike, because it was not made until the conclusion of the plaintiff's evidence, was a matter within the trial court's discretion. *See McGrady v. Quality Motors,* 23 N.C. App. 256, 208 S.E. 2d 911 (1974), *cert. denied,* 286 N.C. 545, 212 S.E. 2d 656 (1975).

We find no abuse of discretion on the part of the trial judge. The admission of this alleged irrelevant matter did not render all evidence on labor costs incompetent. It was incumbent upon defendant, upon discovering that a portion of the costs of labor to which plaintiff had testified was not properly recoverable in this action, to bring out on cross-examination and in jury argument the fact of these excess charges in mitigation of the damages alleged. The fact that plaintiff's claim for labor may have been inflated by labor costs not due under the contract tends to discredit plaintiff's evidence with respect to damages, and is a matter affecting his credibility, not the admissibility of evidence relating to labor costs under the contract. This assignment of error is overruled.

[3] Defendant's fourth assignment of error is directed to the trial court's summary of the evidence and the contentions of the parties with respect to the second issue: "Did Earl Sorie breach the construction contract?" Defendant complains that the trial court misstated defendant's contentions as follows:

"That Mr. Sorie paid Mr. Cole $114,000 and has provided in his own services and things rendered in an amount of $8000 to $10,000 and that represents all of the money due under the contract. That, in fact, Mr. Cole did not perform many of the items contemplated in the contract and thereby Mr. Cole, in fact, breached the contract."

In fact, as defendant correctly notes, defendant's primary contention throughout the trial was that the contract had a maximum price ceiling of $117,000, that he had already advanced plaintiff $114,000, and that he did not breach the contract by refusing plaintiff's demand for an additional $41,518.19. The court's statement would have been more precise had he more fully explained

the meaning of the phrase "all the money due under the contract". However, it is our opinion that the court's statement could not have been misleading to the jury which just had been instructed correctly under the issue, "Did the plaintiff, Michael L. Cole, enter into a contract with Earl Sorie for the construction of a house as alleged in the Complaint?" that defendant contended that they had entered into an oral agreement that the total cost of the house would not exceed $117,000 (this instruction appearing in the record in the fourth paragraph preceding defendant's exception). Moreover, the record does not indicate that defendant requested the court to correct its statement of the contentions, which he is required to do in order to preserve the alleged error. *Redevelopment Commission v. Smith*, 272 N.C. 250, 158 S.E. 2d 65 (1967).

[4] At trial defendant presented evidence in support of his claim that plaintiff had failed to complete the house in a workmanlike manner and had deviated from the plans and specifications governing the construction. This evidence consisted of photographs indicating that a portion of the roof was not completed according to specifications, that masonry work was incomplete or defective, that a metal grate was not placed over an opening for the basement window, that the ceiling and the basement stairway were incomplete, that broken window locks were not replaced, that the black marble surrounding the fireplace had cracked, and that there were several water leaks in the house. Defendant, however, failed to produce any evidence of damages, and the trial court refused to submit the issue of his claim to the jury. This constitutes defendant's fifth assignment of error.

Our Supreme Court has recognized that proof of an injury to a party's legal rights entitles that party to nominal damages at least. The Court in *Hutton v. Cook*, 173 N.C. 496, 499, 92 S.E. 355, 356 (1917), stated the principle, as applied to an action of trespass, as follows:

"They [nominal damages] are not given as an equivalent for the wrong, or as a substantial recompense, for they are not such, but are merely a small sum awarded in recognition of the right, and of the technical injury resulting from a violation of it, as above authorities will show. They have been described as 'a peg on which to hang costs'."

The principle that the violation of a legal right entitles a party to at least nominal damages has been applied to establish that "[i]n a suit for damages for breach of contract, proof of the breach would entitle the plaintiff to nominal damages at least." *Bowen v. Bank,* 209 N.C. 140, 144, 183 S.E. 266, 268 (1936); *see also Tillis v. Cotton Mills* and *Cotton Mills v. Tillis,* 251 N.C. 359, 111 S.E. 2d 606 (1959); *Cook v. Lawson,* 3 N.C. App. 104, 164 S.E. 2d 29 (1968). *See generally* 22 Am. Jur. 2d, Damages § 9. In *Bowen v. Bank,* supra, the gravamen of the injury complained of by the intervening plaintiff was his embarrassment, and not monetary damages. The case was remanded to the trial court for entry of the jury verdict rendered granting the intervening plaintiff nominal damages of one dollar and charging the costs to the defendant. Furthermore, in *Robbins v. Trading Post, Inc.,* 251 N.C. 663, 111 S.E. 2d 884 (1960), the Court rejected an assignment of error based on the trial court's failure to grant a motion for nonsuit due to plaintiff's failure to introduce evidence on the extent of damages, recognizing that the proof of breach of contract was sufficient to support an award of nominal damages. We hold that plaintiff's evidence of breach of the construction contract was sufficient to go to the jury despite the fact that no damages were shown. The evidence established a prima facie case of breach of contract entitling defendant to at least nominal damages.

Because of the error in failing to submit the issue of plaintiff's breach of the construction contract, and because of the possible effect on plaintiff's claim of a possible finding that he breached the construction contract by failing to comply with the plans and specifications, we think fairness dictates that the matter must be returned to the trial court for a new trial on all issues.

New trial.

Judges CLARK and ARNOLD concur.