DELTA ENVIRONMENTAL CONSULTANTS OF NORTH CAROLINA, INC., PLAINTIFF-APPELLEE, CROSS-APPELLANT v. WYSONG & MILES COMPANY, DEFENDANT-APPELLANT, CROSS-APPELLEE

No. COA98-214

(Filed 2 February 1999)

### 1. Unjust Enrichment— overbilling of contract—cause of action in contract

The trial court erred by permitting an unjust enrichment counterclaim in an action arising from environmental consulting contracts where plaintiff-consultant contended that it had not received full payment and defendant counterclaimed for unjust enrichment, contending that plaintiff had been paid for work not performed. The contracts govern the relationship between the parties and an action for breach of contract rather than unjust enrichment is the proper cause of action.

### 2. Pleadings— amendments—undue delay—denied

The trial court did not abuse its discretion in an action arising from environmental consulting services by denying defendant's motion to amend its previously amended pleadings to include a claim for unfair or deceptive acts or practices. The trial judge denied the motion because it came "rather late in the case," which is interpreted as the trial court's determination that the timing of the motion was a result of undue delay.

### 3. Costs— court's discretion—not reviewable

The trial court's decision not to tax plaintiff with full costs in an action arising from an environmental services consulting contract was not reviewable by the Court of Appeals where the costs assessed were governed by N.C.G.S. § 6-20. Costs not allowed as a matter of course under N.C.G.S. § 6-18 and § 6-19 may be allowed in the court's discretion under N.C.G.S. § 6-20.

DELTA ENV. CONSULTANTS OF N.C. v. WYSONG & MILES CO.

[132 N.C. App. 160 (1999)]

**4. Attorneys— fees—contract clause**

The trial court did not err in an action arising from contracts for environmental consulting services by not taxing attorneys' fees against plaintiff. Contractual provisions for attorney fees are invalid in the absence of statutory authority as a general rule; this case does not qualify as an exception.

**5. Contracts— professional services—evidence of standard of care—common knowledge exception—not applicable**

The trial court did not err in an action arising from contracts for environmental services by granting plaintiff's motion for a directed verdict on defendant's counterclaim for breach of contract where the court declared that defendant's failure to offer expert testimony made its evidence insufficient to prove the standard of care owed by plaintiff as a matter of law. Although defendant contended that it did not need to introduce expert testimony under the "common knowledge" exception, this case involved the standard of care utilized by professional engineers for environmental cleanup and the Court of Appeals' review of volumes of transcripts and exhibits led to the conclusion that expert testimony was required to explain and prove the standard of care.

**6. Contracts— language—plain and unambiguous meaning**

The trial court did not err in an action arising from contracts for environmental services in granting a directed verdict on defendant's breach of contract counterclaim where defendant contended that plaintiff had been obliged to fully delineate the extent of environmental contamination, but the language of the contract stated that the scope of work was to better delineate the scope of pollution. The trial court interpreted the contract by its plain, unambiguous meaning.

**7. Statute of Limitations— environmental consulting services—continuing course of treatment doctrine—not applicable**

The trial court did not err by granting a directed verdict on negligence counterclaims in an action arising from contracts for environmental consulting services based upon the four-year statute of repose in N.C.G.S. § 1-15(c). Although defendant-Wysong argued that the continuing course of treatment doctrine pushed back the start of the four-year time limit, the continuing

course of treatment doctrine has been adopted with regard to medical malpractice and the Court of Appeals declined to expand the doctrine's breadth to encompass negligence arising from the provision of professional engineering services between sophisticated corporate parties.

**8. Statute of Limitations— environmental consulting services—acts giving rise to causes of action**

The trial court did not err by granting plaintiff's motion for a directed verdict under N.C.G.S. § 1-15(c) on negligence counterclaims arising from environmental consulting contracts where, according to defendant-Wysong's expert witness, no action after a spill was a departure from the standard of care, so that any acts giving rise to the causes of action occurred before the spill, the spill was discovered on 15 July 1991, and Wysong's counterclaim was not filed until 27 September 1995. The dismissed counterclaims were not preserved within four years from the last act of the defendant giving rise to the cause of action.

**9. Contracts— action for breach—jury's verdict—not contrary to evidence**

The trial court properly denied plaintiff-Delta's motions for a directed verdict, judgment nov, and a new trial in an action for monies due under a contract for environmental consulting services where Delta's assignment of error was based on the contention that the jury's verdict was contrary to law and the greater weight of the evidence. While plaintiff-Delta's evidence included bills for services rendered and not paid, defendant-Wysong presented evidence that Delta's billing methods were unreliable and inaccurate and the verdict simply reflected the jury's scepticism as to the reliability or credibility of Delta's evidence or witnesses.

**10. Contract— action for breach—nominal damages—instructions**

A breach of contract action for monies due under environmental consulting contracts was remanded with an instruction that the trial court enter judgment awarding at least nominal damages where the jury concluded that defendant had breached its promise to pay for services rendered but awarded no damages. Violation of a legal right entitles a party to at least nominal damages; however, in this case, the jury instructions did not include an instruction that a finding in favor of the plaintiff on the first issue required an award of at least nominal damages.

DELTA ENV. CONSULTANTS OF N.C. v. WYSONG & MILES CO.

[132 N.C. App. 160 (1999)]

Appeal by defendant and cross appeal by plaintiff from judgment entered 4 April 1997 by Judge Charles C. Lamm, Jr. in Mecklenburg County Superior Court. Heard in the Court of Appeals 16 November 1998.

*Kennedy, Covington, Lobdell & Hickman, L.L.P., by Kiran H. Mehta and Stanford D. Baird, and Ruff, Bond, Cobb, Wade & Bethune, L.L.P., by Hamlin L. Wade, for plaintiff-appellee.*

*Adams, Kleemeier, Hagan, Hannah & Fouts, by Amiel J. Rossabi and David S. Pokela, for defendant-appellant.*

SMITH, Judge.

In the late 1980's, extreme environmental contamination and pollution of soil and groundwater occurred at the manufacturing facility of Wysong & Miles Company (Wysong) in Greensboro, North Carolina. Wysong sought an environmental consultant to help it deal with the pollution and contamination. Wysong hired Delta Environmental Consultants of North Carolina, Inc. (Delta), a Charlotte-based subsidiary of a national environmental consulting and engineering firm, to assist Wysong in formulating and implementing a cleanup plan. In March or April 1988, Delta and Wysong entered a service contract for environmental services (first contract). On 24 February 1994, Delta and Wysong entered a second contract, which remained effective until Wysong terminated the Contract in April 1995. Over the course of their seven-year relationship, Delta performed tasks and billed Wysong on a time, fees, and materials basis. From October 1994 to April 1995, Wysong failed to pay Delta for the invoices it submitted each month. Despite being delinquent in payment, Wysong continued to ask Delta to perform work and in January 1995, assured Delta that it would bring its account current. In April 1995, Delta brought suit to collect $29,370.58. On 18 January 1996, Wysong amended its answer and counterclaimed against Delta. Wysong counterclaimed alleging unjust enrichment because Delta had received payment for work that had not actually been performed. Wysong's counterclaim also alleged negligence in that Delta failed to perform its remedial work to the level of skill ordinarily exercised by members of its profession. Wysong's motion to amend its answer and counterclaim to include allegations of unfair or deceptive acts or practices in commerce in violation of N.C. Gen. Stat. § 75-1.1 was denied.

DELTA ENV. CONSULTANTS OF N.C. v. WYSONG & MILES CO.

[132 N.C. App. 160 (1999)]

The matter was heard before a duly impaneled jury on 11 February 1997. The jury returned the following verdicts:

PLAINTIFF, DELTA, CLAIM:

1. Does the Defendant, Wysong, owe the Plaintiff, Delta money on account? YES

2. What amount if any does the Defendant, Wysong, owe the Plaintiff, Delta, on account? NONE

DEFENDANT, WYSONG, COUNTERCLAIMS:

I.

1. Was the Plaintiff, Delta, unjustly enriched by receiving payments from the Defendant, Wysong, for work that was not performed or costs that were not incurred in relation to work performed? YES

2. What amount, if any, should the Defendant, Wysong, recover of the Plaintiff, Delta, based upon unjust enrichment? $225,000

II.

1. Was the Defendant, Wysong, damaged by the negligence of the Plaintiff, Delta? Yes

2. What amount of damages has the Defendant, Wysong, sustained as a proximate result of any negligence? $9,000

Judge Lamm's order and judgment was filed on 8 April 1997. On 14 April 1997, Judge Marvin K. Gray entered an order denying Delta's motion for partial summary judgment and Wysong's motion for summary judgment. Judge Gray's order denied Wysong's motion to amend its previously amended answer and counterclaim and declared all other motions moot. On 24 July 1997, Judge Lamm filed an order that denied Delta's motions for judgment notwithstanding the verdict and for new trial. This order also denied Wysong's motion to amend/alter the judgment but granted Wysong's motion for a conditional new trial on the issue of damages in its unjust enrichment claim. Defendant and plaintiff appeal.

Wysong filed its notice of appeal on 8 August 1997, and Delta filed its notice of appeal on 15 August 1997. Wysong appeals from the 14 April 1997 order of Judge Gray denying their motion to amend, oral orders by Judge Lamm of 3 February 1997 allowing Delta's motion for

DELTA ENV. CONSULTANTS OF N.C. v. WYSONG & MILES CO.

[132 N.C. App. 160 (1999)]

directed verdict on several of Wysong's negligence claims and dismissing Wysong's claim for breach of contract, the order and judgment of 8 April 1997 taxing only a small portion of costs against Delta, and the order of 24 July 1997 granting a partial new trial on the issue of damages for Wysong's unjust enrichment claim. Delta appeals from oral orders denying their motion for directed verdict and judgment notwithstanding the verdict on Wysong's unjust enrichment claim. For similar reasons they appeal from the order and judgment of 8 April 1997, and they also appeal from the order of 24 July 1997 denying Delta's motion for a new trial on Delta's payment on account action.

[1] Wysong first seeks reinstatement of the verdict granting Wysong damages for its unjust enrichment claim against Delta arguing that the trial court erred by setting aside the jury award. We disagree. It is well established that "[i]f there is a contract between the parties[,] the contract governs the claim[,] and the law will not imply a contract." *Booe v. Shadrick*, 322 N.C. 567, 570, 369 S.E.2d 554, 556, *reh'g denied*, 323 N.C. 370, 373 S.E.2d 540 (1988). Here, the first and second contracts govern the relationship between the parties with regard to payment and services rendered. Thus, an action for breach of contract, rather than unjust enrichment, is the proper cause of action. Accordingly, we reverse the trial court's decision to permit Wysong's unjust enrichment claim. Consequently, the trial court's grant of a conditional new trial on the issue of damages for unjust enrichment is reversed.

[2] Wysong next argues that the trial court erred when it denied Wysong's motion to amend its previously amended pleadings to include a claim for unfair or deceptive acts or practices in commerce. Motions to amend are governed by N.C. Gen. Stat. § 1A-1, Rule 15 (1990). Generally, Rule 15 is construed liberally to allow amendments where the opposing party will not be materially prejudiced. *See Members Interior Construction v. Leader Construction Co. Inc.*, 124 N.C. App. 121, 476 S.E.2d 399 (1996), *disc. review denied*, 345 N.C. 754, 485 S.E.2d 56 (1997). Despite cases cited by Wysong, our standard of review for motions to amend pleadings requires a showing that the trial court abused its discretion. *See Isenhour v. Universal Underwriters*, 345 N.C. 151, 478 S.E.2d 197 (1996). Denying a motion to amend without any justifying reason appearing for the denial is an abuse of discretion. *See Coffey v. Coffey*, 94 N.C. App. 717, 381 S.E.2d 467, *disc. review allowed*, 325 N.C. 705, 388 S.E.2d 450 (1989), *disc. review improvidently granted*, 326 N.C. 586, 391 S.E.2d 40 (1990).

However, proper reasons for denying a motion to amend include undue delay by the moving party and unfair prejudice to the nonmoving party. *See News and Observer Publishing Co. v. Poole,* 330 N.C. 465, 412 S.E.2d 7 (1992). Other reasons that would justify a denial are bad faith, futility of amendment, and repeated failure to cure defects by previous amendments. *See Chicopee, Inc. v. Sims Metal Works,* 98 N.C. App. 423, 391 S.E.2d 211, *plaintiff's disc. review allowed,* 327 N.C. 426, 395 S.E.2d 674, *defendant's disc. review denied,* 327 N.C. 426, 395 S.E.2d 675, *reconsideration of defendant's motion for disc. review denied,* 327 N.C. 632, 397 S.E.2d 76 (1990), *withdrawn,* 328 N.C. 329, 402 S.E.2d 826 (1991). When the trial court states no reason for its ruling on a motion to amend, this Court may examine any apparent reasons for the ruling. *See Coffey,* 94 N.C. App. 717, 381 S.E.2d 467. In the instant case, the trial judge denied the motion because it came "rather late in the case." We interpret this as the trial court's determination that the timing of the motion was the result of undue delay. Wysong claims that the trial court's ruling is an abuse of discretion. We disagree. Wysong correctly cites *Mosley & Mosley Builders, Inc. v. Landin, Ltd.,* 97 N.C. App. 511, 389 S.E.2d 576, *disc. review denied,* 326 N.C. 801, 393 S.E.2d 898 (1990), for the proposition that in showing prejudice (by undue delay, bad faith, etc.), the burden is on the party opposing the motion to amend. However, in *Mosley,* the plaintiff's amendment adding a claim for unfair or deceptive acts or practices in commerce was allowed by the trial court. There, this Court recognized that the defendant had not met its burden in convincing *the trial court of the existence of prejudice.* Here, however, the trial court was convinced by Delta's argument and denied Wysong's motion to amend. Because Wysong has failed to show an abuse of discretion, we find no error in the trial court's denial of their second motion to amend.

[3] Wysong next assigns error to the trial court's failure to tax Delta with the full costs. Taxing of costs is governed by Article 6 of the North Carolina General Statutes. N.C. Gen. Stat. §§ 6-18 and 6-19 (1986) detail certain actions where costs are allowed as a matter of course. Costs not allowed as a matter of course under sections 6-18 and 6-19 may be allowed in the court's discretion under N.C. Gen. Stat. § 6-20 (1986). The court's discretion under section 6-20 *is not reviewable on appeal. See Minton v. Lowe's Food Stores,* 121 N.C. App. 675, 468 S.E.2d 513, *disc. review denied,* 344 N.C. 438, 476 S.E.2d 119 (1996) (*citing Chriscoe v. Chriscoe,* 268 N.C. 554, 151 S.E.2d 33 (1966)) (emphasis added). In the instant case, Wysong's

action does not fall within the purview of sections 6-18 and 6-19. Therefore, the costs assessed by the trial judge are governed by section 6-20 and are not reviewable by this Court.

[4] Wysong also argues that the trial court erred by not taxing Wysong's attorneys' fees against Delta. We disagree. "As a general rule[,] contractual provisions for attorney's fees are invalid in the absence of statutory authority. This is a principle that has long been settled in North Carolina and fully reviewed by our Supreme Court . . . ." *Forsyth Municipal ABC Board v. Folds*, 117 N.C. App. 232, 238, 450 S.E.2d 498, 502 (1994) *(citing Stillwell Enterprises, Inc. v. Interstate Equipment Co.*, 300 N.C. 286, 266 S.E.2d 812 (1980)). "[T]he general rule has long obtained that a successful litigant may not recover attorneys' fees, whether as costs or as an item of damages, unless such a recovery is expressly authorized by statute." *Enterprises, Inc. v. Equipment Co.*, 300 N.C. 286, 289, 266 S.E.2d 812, 814 (1980). Wysong argues that public policy can support exceptions to the general rule and that the trial court erred by failing to tax Wysong's attorneys' fees against Delta. For this proposition, Wysong cites *Gram v. Davis*, 128 N.C. App. 484, 495 S.E.2d 384 (1998) (allowing a legal malpractice plaintiff to recover as damages, attorney's fees for the cost of correcting the defendant attorney's negligence). While exceptions to the general rule exist, we disagree with Wysong's contention that their case merits qualification as an exception. Our Supreme Court has stated that the general rule invalidating attorney's fees clauses not authorized by statute was derived from certain public policy considerations surrounding promissory notes, deeds of trust, guaranties on promissory notes, and commercial construction contracts. *See Bromhal v. Stott*, 341 N.C. 702, 706, 462 S.E.2d 219, 222, *reh'g denied*, 342 N.C. 418, 465 S.E.2d 536 (1995). According to the *Bromhal* Court, a separation agreement differs from a commercial, arms-length transaction. *Id.* Furthermore, "[t]he public policy rationale for frowning upon contractual provisions for the recovery of attorney's fees in the commercial and debtor-creditor context simply does not apply to separation agreements." *Id.* at 707, 462 S.E.2d at 222 (recognizing contractual provisions for the recovery of attorney's fees in separation agreements as an exception to the general rule). Despite the fact that the clause in question was part of a contract for professional services, this contract was entered into at arms length. Both parties were sophisticated, and although Delta's knowledge of environmental cleanup was superior to Wysong's, Wysong was nonetheless outside Delta's realm of influence. Therefore, based on our

**DELTA ENV. CONSULTANTS OF N.C. v. WYSONG & MILES CO.**

[132 N.C. App. 160 (1999)]

Supreme Court's decision in *Bromhal*, the instant case does not qualify as an exception to the general rule. Accordingly, we find no error in the trial court's taxing of costs.

**[5]** Wysong's fourth argument is that the trial court erred when it granted Delta's motion for a directed verdict on Wysong's claim for breach of contract. In reviewing a directed verdict, this Court must determine whether the evidence taken in the light most favorable to the non-moving party is sufficient as a matter of law to be submitted to the jury. *See Davis v. Dennis Lilly Co.*, 330 N.C. 314, 411 S.E.2d 133 (1991). More specifically, Wysong argues the trial court erred by declaring that Wysong's failure to offer expert testimony made its evidence insufficient to prove the standard of care owed by Delta as a matter of law. Wysong argues that under the "common knowledge" exception, it did not need to introduce expert testimony to prove that Delta failed to use the level of care and skill ordinarily exercised by members of its profession. This Court has stated that where the common knowledge and experience of the jury is sufficient to evaluate compliance with a standard of care, expert testimony is not needed. *See Little v. Matthewson*, 114 N.C. App. 562, 442 S.E.2d 567, *aff'd*, 340 N.C. 102, 455 S.E.2d 160 (1995). However, the application of the "common knowledge" exception has been reserved for those situations where professional conduct is so grossly negligent that a layperson's knowledge and experience make obvious the shortcomings of the professional. *See Little*, 114 N.C. App. 562, 442 S.E.2d 567 (*citing Buckner v. Wheeldon*, 225 N.C. 62, 33 S.E.2d 480 (1945), where infection arose from a compound fracture that protruded through an open wound and was not cleansed or sterilized before the bone was set and placed in a cast). In the case *sub judice*, the standard of care utilized by professional engineers for environmental cleanup was at issue. Our review of volumes of transcripts and exhibits leads us to conclude that this case certainly required expert testimony to explain and prove the standard of care required of Delta. Because Wysong offered no evidence to prove the standard of care, we find no error in the decision of the trial court.

**[6]** Wysong also argues that the trial court interpreted the contract in a manner contrary to law. Wysong claims that under the 1988 contract, Delta was obliged to fully delineate the extent of environmental contamination. The language of the contract undercuts this assertion. The contract states, "The proposed scope of work for the second phase is designed to . . . *better* delineate the extent of the contaminant plumes from the identified sources," (emphasis added). The trial

court interpreted the contract by its plain, unambiguous meaning. Delta's responsibility was not to fully define the area of contamination. Rather, Delta only agreed to "better delineate" the scope of pollution. Because the trial court properly interpreted the contracts and because this case is not appropriate for the "common knowledge" exception, we find no error in the trial court's decision to grant Delta's motion for directed verdict on Wysong's breach of contract claim.

**[7]** Wysong's final argument is that the trial court erred when it entered a directed verdict as to several of Wysong's negligence counterclaims. In reviewing the trial court's decision on a motion for directed verdict, we must determine whether the evidence taken in the light most favorable to the non-moving party is sufficient as a matter of law to be submitted to the jury. *See Davis*, 330 N.C. 314, 411 S.E.2d 133. Here, the trial court granted Delta's motion for a directed verdict based upon the four-year statute of repose in N.C. Gen. Stat. § 1-15(c) (1996). Section 1-15(c) provides:

> Except where otherwise provided by statute, a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action: . . . Provided nothing herein shall be construed to reduce the statute of limitation in any such case below three years. Provided further, that in no event shall an action be commenced more than four years from the last act of the defendant giving rise to the cause of action . . . .

*Id.* The statute of repose created by section 1-15(c), begins to run on the date of the "last act of the defendant giving rise to the cause of action." *See Sharp v. Teague*, 113 N.C. App. 589, 439 S.E.2d 792, *disc. review granted*, 336 N.C. 317, 445 S.E.2d 397 (1994) *disc. review improvidently granted*, 339 N.C. 730, 456 S.E.2d 771 (1995). Wysong argues that the continuing course of treatment doctrine pushes back the start of the four-year time limit to the last date of remedial work performed by Delta. We disagree. Our Supreme Court has adopted the "continuing course of treatment doctrine" with regard to malpractice by hospitals and other health care providers. *See Horton v. Carolina Medicorp, Inc.*, 344 N.C. 133, 472 S.E.2d 778 (1996). In *Horton*, our Supreme Court stated

> [T]he doctrine tolls the running of the statute for the period between the original negligent act and the ensuing discovery and

correction of its consequences; *the claim still accrues at the time of the original negligent act or omission.*

To benefit from this doctrine, a plaintiff must show both a continuous relationship with a physician and subsequent treatment from that physician. The subsequent treatment must consist of an affirmative act or an omission related to the original act, omission, or failure *which gave rise to the claim.*

We now affirm that the continuing course of treatment doctrine, *only as set forth above*, is the law in this jurisdiction.

*Id.* at 137, 472 S.E.2d at 781 (emphasis added). We note that the "continuing course of treatment doctrine" is not part of N.C. Gen. Stat. § 1-15(c) (1996); rather, it is a construct of our courts. Therefore, in light of the holding in *Horton*, which narrowly defines the "continuing course of treatment doctrine," we elect not to expand the doctrine's breadth to encompass the negligence arising from the providing of professional engineering services between sophisticated corporate parties.

[8] Thus, we must determine whether the action is timely under section 1-15(c), more specifically, whether the action was commenced within "four years from the last act of the defendant giving rise to the cause of action." N.C. Gen. Stat. § 1-15(c) (1996). Wysong presented expert testimony in support of their negligence counterclaim. During cross-examination, Wysong's expert testified as follows:

Q. Are you saying that what Delta did wrong was in connection with the design of the system?

A. Wasn't necessarily the design of the system, it was the way the system was operated.

Q. Which is a consequence of the design of the system, is that right?

A. Design and/or installation.

Q. And, the design and/or installation of the system was complete as of the time of the spill, is that right?

A. That is correct.

Q. Whatever it is that Delta did which was a departure from the standard of care, it did some time before the spill actually occurred, is that correct?

A. That is correct.

According to Wysong's expert witness, no action after the spill was a departure from the standard of care. Therefore, any acts giving rise to the causes of action dismissed by the trial court occurred before the spill. Because the spill was discovered on 15 July 1991 and Wysong's counterclaim was not filed until 27 September 1995, the dismissed counterclaims were not preserved within the statutory period prescribed by section 1-15(c). Accordingly, Delta's motion for directed verdict was properly granted.

[9] We now turn to Delta's appeal. As we have held that the contracts between Delta and Wysong bar Wysong's unjust enrichment claim, we need not address Delta's first three assignments of error. In its remaining assignment of error, Delta contends that the trial court improperly denied its motions for directed verdict, judgment notwithstanding the verdict, and a new trial. Delta bases its assignment of error on the contention that the jury's verdict is contrary to law and the greater weight of the evidence. We disagree. Generally, the trier of fact, in this case the jury, must resolve issues of credibility and determine the relative strength of competing evidence. *See Upchurch v. Upchurch*, 128 N.C. App. 461, 495 S.E.2d 738, *disc. review denied*, 348 N.C. 291, 501 S.E.2d 925 (1998). Here, the trial court submitted two issues to the jury regarding Delta's claim for payment on account. Judge Lamm appropriately instructed the jury that Delta bore the burden of proof for each element. Accordingly, Delta must demonstrate by the greater weight of the evidence 1) the fact that Wysong owed Delta money on account and 2) the amount of money owed by Wysong. While Delta's evidence included bills for services rendered and not paid, Wysong presented evidence that Delta's billing methods were unreliable and inaccurate. Thus, the jury's verdict is not necessarily contrary to law. It may simply reflect the jury's scepticism as to the reliability or credibility of Delta's evidence or witnesses. Therefore, the trial court properly denied Delta's motions.

[10] However, "[o]ur Supreme Court has recognized that proof of an injury to a party's legal rights entitles that party to nominal damages at least." *Cole v. Sorie*, 41 N.C. App. 485, 489, 255 S.E.2d 271, 274, *disc. review denied*, 298 N.C. 294, 259 S.E.2d 911 (1979). "The princi-

ple that the violation of a legal right entitles a party to at least nominal damages has been applied to establish that '[i]n a suit for damages for breach of contract, proof of the breach would entitle the plaintiff to nominal damages at least.' " *Cole v. Sorie*, 41 N.C. App. at 490, 255 S.E.2d at 274 (*quoting Bowen v. Bank*, 209 N.C. 140, 144, 183 S.E. 266, 268 (1936)). In the instant case, the jury concluded that Wysong breached its promise to pay for services rendered. Therefore, Delta was entitled to recover at least nominal damages. As the jury instructions did not include an instruction that a finding in favor of the plaintiff on the first issue required an award of at least nominal damages, such as one dollar, we remand this case to the trial court and instruct it to enter judgment awarding at least nominal damages.

In summary, the existence of valid contracts precludes Wysong's action for unjust enrichment. The trial court's determination that Wysong's motion to amend came "rather late" in the case leads us to conclude that the motion was properly denied. Furthermore, as the instant case is not an exception to the general rule against enforcing contractual attorney's fees clauses absent statutory authorization, we find no error in the trial court's award of costs. The trial court properly interpreted the contracts between the parties, and because the instant case is not appropriate for the "common knowledge" exception, Delta's motion for directed verdict was properly granted. In addition, we choose not to expand the "continuing course of treatment doctrine" to the providing of professional engineering services. Thus, Wysong's negligence claims were properly dismissed. Finally, because the jury determines matters of weight and credibility afforded evidence and Wysong offered evidence that Delta's billing methods were inaccurate, we find that the jury's verdict is not contrary to the law as claimed by Delta. Therefore, we reverse in part and affirm in part and remand this case to the trial court for entry of judgment consistent with this opinion.

Affirmed in part, reversed in part and remanded.

Chief Judge EAGLES and Judge TIMMONS-GOODSON concur.