MARY THOMPSON, Widow and Guardian Ad Litem of TORI ANN THOMPSON AND TRACY THOMPSON, Minor Children; A. W. HUFFMAN, Jr., Administrator of the Estate of JOHN H. THOMPSON, Deceased, Employee, Plaintiffs v. LENOIR TRANSFER COMPANY, Employer, and AETNA INSURANCE COMPANY, Carrier, Defendants

No. 8410IC400

(Filed 15 January 1985)

**Master and Servant § 93.2— workers' compensation — Commission's consideration of transcript in earlier hearing — no error**

> Defendants in a workers' compensation proceeding failed to show prejudicial error in the Commission's consideration of the transcript of an earlier hearing on plaintiff's claim, since the Court of Appeals, by ordering a ruling on an evidentiary matter unresolved at the first hearing, contemplated that the transcript would provide the basis for rehearing and did not order a *de novo* hearing; nor were defendants prejudiced by the Commission's ruling that an expert witness's answer to a hypothetical question was admissible but defendants could not offer additional testimony, since defendants had adequate opportunity to cross-examine and attempt to impeach the witness at the first hearing but failed to do so.

APPEAL by defendants from the order of the North Carolina Industrial Commission entered 18 August 1983. Heard in the Court of Appeals 4 December 1984.

*Wilson and Palmer, P.A., by Hugh M. Wilson, for plaintiffs.*

*Harrell and Leake, by Larry Leake, for defendants.*

WELLS, Judge.

John Thompson accidentally injured his leg in January 1976, while in the course of his employment. He died in December 1976 as a result of an overdose of pain medicine prescribed for his injuries. Plaintiffs initiated this proceeding seeking death benefits, both for Thompson's death and for his widow's disability at the time. In the initial hearing, plaintiffs attempted unsuccessfully to introduce lay testimony regarding Thompson's state of mind before his death; in addition, the Commission conditionally admitted, but did not finally rule on, causation testimony in the form of a hypothetical question to Dr. Brown, Thompson's physician. From an order denying all benefits, plaintiffs appealed. This court vacated the Commission's order as based on a misapprehension of law.

Upon remand, plaintiffs introduced the transcript of the first hearing and presented some additional evidence. The hearing officer ruled that Dr. Brown's answer was admissible, denied defendants' motion to introduce new evidence from Dr. Brown, and entered an order allowing benefits. On appeal the Full Commission adopted the hearing officer's award.

In their principal assignments of error, defendants contend that the Commission erred in allowing plaintiff to "introduce into evidence" the transcript of the first hearing and in denying their motion to further depose Dr. Brown.

In our previous opinion, *Thompson v. Transfer Co.*, 48 N.C. App. 47, 268 S.E. 2d 534, *disc. rev. denied*, 301 N.C. 405, 273 S.E. 2d 450 (1980), the mandate of this court was as follows:

> The opinion and award of the Commission is vacated and the cause is remanded to the Industrial Commission for a rehearing to: (1) determine the admissibility of Dr. Brown's answer to the hypothetical question propounded by counsel for plaintiff, and, if the answer is admissible, to properly consider such testimony; (2) to consider testimony of lay witnesses concerning decedent's pain and depression which tend to establish a direct causal relation between the accident and the suicide; and (3) to make appropriate additional findings of fact and awards as may be consistent with this opinion and the facts found upon remand.

*Id.*

This court, by ordering a ruling on an evidentiary matter unresolved at the first hearing, contemplated that the transcript would provide the basis for rehearing and did not order a *de novo* hearing, *see Bailey v. Dept. of Mental Health*, 2 N.C. App. 645, 163 S.E. 2d 652 (1968), and that the Commission would base its ultimate order on the record made including the evidence wrongfully excluded at the first hearing. The offer of the transcript "into evidence" was an act without legal significance. Our courts have long recognized the need for Industrial Commission procedures to be adaptable to its mission and role, and that the Commission itself considers cases before it in the record made before Hearing Commissioners, without a *de novo* hearing. *See, e.g., Maley v. Furniture Co.*, 214 N.C. 589, 200 S.E. 2d 438 (1939).

Defendants contend that the admission of the transcript prejudicially allowed the testimony of Al Huffman and A. W. Huffman, Jr., who had not been cross-examined at the first hearing. Both witnesses testified at the second hearing, however, and were available for cross-examination on their prior testimony.

Defendants claim especial prejudice from the testimony of Jerry Barlow, who provided the only evidence that Thompson actually told Dr. Brown of his state of mind which caused his suicide. Dr. Brown testified as an expert in giving his opinion regarding the causal contribution of Thompson's state of mind to his death, however. His personal knowledge of Thompson's statements was therefore irrelevant. An expert need not testify from personal knowledge, as long as the basis for his or her opinion is available in the record or available upon demand. *See State v. Wade*, 296 N.C. 454, 251 S.E. 2d 407 (1979); N.C. Gen. Stat. § 8-58.14 (1981); *see also* N.C. Gen. Stat. § 8C-1 Rules of Evidence 703, 705 (Cum. Supp. 1983). Barlow's testimony was simply repetitive of other testimony in the record on which Dr. Brown could have equally and properly based his opinion. No prejudice appears from any of this testimony.

The key controversy involved Dr. Brown's causation testimony: the Commission ruled that his answer to the hypothetical question was admissible, but denied defendants' motion to allow additional testimony. Defendants now claim that their right to cross-examine Dr. Brown was unfairly usurped. Defendants did in fact cross-examine Dr. Brown briefly, however. Nothing in the record suggests that they were forced to cut short their cross-examination. Moreover, the original ruling was that the evidence would be admitted (albeit conditionally). It is well established that a party may attack the probative value of opinion testimony without waiving the original objection thereto. *State v. Wells*, 52 N.C. App. 311, 278 S.E. 2d 527 (1981). Indeed, any other rule would be manifestly unfair. *See* 1 H. Brandis, N.C. Evidence § 30 (2d rev. ed. 1982). Defendants did not attempt to impeach Dr. Brown and have not justified their failure to do so. Nor have they suggested, assuming they intended to elicit some substantive testimony from Dr. Brown, what the import of that testimony might be. *See State v. Satterfield*, 300 N.C. 621, 268 S.E. 2d 510 (1980) (no offer of proof; exclusion unreviewable). Accordingly, we hold that defendants have had adequate opportunity to cross-examine Dr. Brown

and have failed to show prejudicial error. Their assertion of a general right to *further* cross-examination, on this record, must fail.

We have examined defendants' remaining assignments of error, find them to be without merit and overrule them. The award of the Industrial Commission is untainted by prejudicial error, and is therefore

Affirmed.

Judges ARNOLD and BECTON concur.