EARL C. JACKSON, JR. AND BEVERLY LYNN JACKSON v. HOLLOWELL CHEVROLET CO., INC., AND BOBBY HOLLOWELL

No. 851SC1324

(Filed 3 June 1986)

**1. Unfair Competition § 1— admission of testimony on damages—no error**

In an action for unfair and deceptive trade practices arising from the sale of a truck, there was no prejudice from the admission of evidence of the cost of replacing four tires and a battery where plaintiffs had not revoked their acceptance of the truck, the measure of damages was the difference in the value of the truck as represented and as equipped, the only evidence of that difference was that the value was decreased by $3,000 to $4,000, and the jury returned a verdict awarding plaintiffs $3,000 in damages.

**2. Unfair Competition § 1— unfair trade practice—sale of truck—expert witness —no personal knowledge—admissible**

The trial court did not err in an action for unfair trade practices arising from the sale of a truck by admitting the testimony of the vice-president of an auto dealership concerning the difference in value of a truck with a 1980 engine and a 1977 engine despite the witness's lack of personal knowledge of the condition of the vehicle where he testified only after listening to testimony about the difference in the engine promised and the engine installed.

**3. Unfair Competition § 1— unfair trade practice—sale of truck—evidence of damages sufficient**

The trial court properly denied defendants' motion for a directed verdict and judgment n.o.v. in an action for unfair trade practices arising from the sale of a truck where testimony that the truck as actually equipped was worth less than the truck as represented was properly admitted.

APPEAL by defendants from *Watts, Judge.* Judgment entered 12 June 1985 in Superior Court, PASQUOTANK County. Heard in the Court of Appeals 17 April 1986.

This is a civil action wherein plaintiffs seek damages pursuant to G.S. 75-1.1 and G.S. 75-16 for unfair and deceptive trade practices arising out of the purchase and sale of a truck. Plaintiffs' evidence tends to show the following. On 28 November 1983 plaintiffs purchased from defendant Hollowell Chevrolet a 1981 Chevrolet Blazer four-wheel drive truck. At the time of the purchase defendants warranted the overall good condition of the truck. Before the purchase plaintiffs realized that there might be a problem with the Blazer's engine. Defendant Bobby Hollowell, a representative of Hollowell Chevrolet, agreed that if they found a

problem with the engine he would rebuild it. Several days after the purchase plaintiffs discovered that the engine used an excessive amount of oil and Mr. Hollowell agreed to rebuild the engine.

Plaintiffs asked Mr. Hollowell to install a used 350 cubic inch engine rather than rebuilding the original 305 cubic inch engine and agreed to pay the extra $300 necessary to purchase that engine. After the installation plaintiffs discovered that the engine installed was a 1977 engine driven 130,000 miles rather than the 1980 engine driven 28,000 miles defendants had said was installed. Alvin Arnold, vice president of an automobile dealership, testified that the truck with the 1977 engine was worth no more than $4,500 and that if the truck had been equipped with the 1980 engine it would be worth between $3,000 and $4,000 more.

Defendants' evidence tends to show that the plaintiffs said only that they were interested in getting the best engine available for their truck, that they were not told what year model engine was ultimately installed and that Mr. Hollowell never told the plaintiffs the engine installed in their truck was a 1980 engine with 28,000 miles. Mr. Hollowell testified that before the sale he told the plaintiffs that he was not satisfied with the weak engine in the Blazer. The plaintiffs wanted to buy the truck anyway and the defendant agreed that the plaintiffs should take the truck for seven days on a trial basis and that if they found the engine weak he would rebuild it. The only warranty provided was a 7-day warranty on the engine.

At the close of all the evidence the trial court granted defendants' motion to dismiss plaintiffs' claim for breach of warranty. The jury returned a verdict awarding plaintiffs $3,000 on their claim for unfair and deceptive trade practices. Pursuant to G.S. 75-16 the court trebled plaintiffs' damages and entered judgment in favor of plaintiffs for $9,000. Defendants appealed.

*Trimpi, Thompson & Nash, by C. Everett Thompson, for plaintiff appellees.*

*Russell E. Twiford for defendant appellants.*

WEBB, Judge.

[1] Defendants first argue that the trial court erred in allowing plaintiffs to present evidence of the cost of replacing four tires

and the battery on the Blazer. They contend that because plaintiffs did not revoke their acceptance of the truck, the measure of damages was only the difference in value of the truck with a 1980 engine with 28,000 miles and with a 1977 engine with 130,000 miles and that evidence of other expenditures was irrelevant. Assuming for the sake of argument that defendants are correct, we believe they have failed to show any resulting prejudice. The only evidence presented concerning the difference in value of the truck as represented and as actually equipped shows that the value was decreased by between $3,000 and $4,000 by installation of the 1977 engine. The jury returned a verdict awarding plaintiffs $3,000 in damages. It appears from that verdict that the jury did not consider other expenditures.

[2]   Defendants next argue that the trial court erred in admitting the testimony of Alvin Arnold, vice president of an automobile dealership, concerning the difference in value of the truck with the 1980 engine and with the 1977 engine because the witness did not have personal knowledge of the condition of the vehicle before and after the engine was installed. We disagree. It is well-established that an expert witness' testimony need not be based upon personal knowledge so long as the basis of his or her opinion is available in the record or available upon demand. *Thompson v. Lenoir Transfer Company*, 72 N.C. App. 348, 324 S.E. 2d 619 (1985). The witness in the present case testified about the value of the truck only after listening to testimony about the difference in the engine promised and the engine actually installed. Therefore, the basis of his opinion is present in the record and his testimony was properly admitted.

[3]   Finally, defendants argue that the court erred in denying their motions for directed verdict and for judgment notwithstanding the verdict because plaintiffs presented no competent evidence of their damages. Again we disagree. We have already found that Alvin Arnold's testimony about the value of the truck was properly admitted. He testified that the truck as actually equipped was worth $3,000 to $4,000 less than the truck as represented. This evidence was sufficient to allow the jury to find plaintiffs' damages. The trial court properly denied defendants' motions.

Our decision regarding defendants' assignments of error makes it unnecessary to discuss plaintiffs' cross-assignment of error regarding the dismissal of plaintiffs' claim against defendants for breach of warranty.

Affirmed.

Judges EAGLES and PARKER concur.