J. ELTON LEE v. ATLANTIC COAST LINE RAILROAD COMPANY.

(Filed 3 November, 1937.)

1. **Railroads § 9—Evidence held to show contributory negligence as matter of law in driver's colliding with flat car standing at crossing.**

The evidence favorable to plaintiff tended to show that he drove his car across the main line track of one railroad and then across the main line track of defendant railroad, and collided with a flat car standing across the road on a sidetrack about fifteen feet beyond defendant's main line track, that the highway was darkened at the sidetrack by houses and trees on defendant's right of way, that the lights of plaintiff's car went under the flat car, and that, though going at a speed of 15 or 18 miles per hour as he neared the sidetrack, he did not see the flat car in time to avoid hitting it, although he put on his brakes as soon as he saw it. *Held:* Plaintiff's evidence discloses contributory negligence barring recovery as a matter of law, since he would be guilty of contributory negligence if he were driving too fast under the conditions then existing to stop within the distance his lights would disclose an obstruction, or if he could have seen the obstruction in the exercise of due care in time to have stopped and failed to see it.

2. **Negligence § 11—**

It is not necessary that contributory negligence be the sole proximate cause of the injury in order to bar recovery, it being sufficient for this purpose if it is one of the proximate causes.

CLARKSON, J., dissents.

CIVIL ACTION before *Harris, J.,* at May Term, 1937, of WAYNE. Reversed.

*Paul B. Edmundson and Ehringhaus, Royall, Gosney & Smith for plaintiff, appellee.*

*D. H. Bland, W. B. R. Guion, Thos. W. Davis and V. E. Phelps for defendant, appellant.*

SCHENCK, J. This was an action by the plaintiff to recover damages for personal injuries alleged to have been proximately caused by the negligence of the defendant. The defendant denied that it was negligent, and also entered the alternative plea of contributory negligence in bar of recovery. The case was tried upon the usual issues of negligence, contributory negligence and damage. The jury answered the issues in favor of the plaintiff, and from a judgment on the verdict the defendant appealed, assigning as error the refusal of the court to allow its motion for judgment as in case of nonsuit made when the plaintiff had introduced his evidence and rested his case and renewed after all the evidence was in. C. S., 567.

Viewing the evidence in the light most favorable to the plaintiff it tends to show that on the night of 12 June, 1935, at 8 o'clock, the plaintiff was driving his '29 Model A Ford coach eastward on State Highway 402; that on the west side of the city of Goldsboro said highway crosses the Southern Railway Company's main line track, and about 60 or 70 yards farther east crosses the defendant's main line track, and still farther east about 12 or 15 feet crosses a side track of the defendant; that said highway is practically straight and level as it approaches and crosses said three tracks; that the plaintiff drove his said automobile across the two main line tracks, and attempted to drive it on farther eastward when it collided with a flat car composing a part of a train of the defendant, which was standing across said highway on said side track; that owing to shadows cast by trees and small houses on the defendant's right of way, and the failure of the defendant to provide lights or signals of the presence of the flat car, the highway was darkened, and the plaintiff could not, and did not, see the flat car in time to stop his automobile and avoid a collision between it and the defendant's flat car.

Conceding, but not deciding, that the defendant was negligent in permitting the trees and houses to remain on its right of way and in allowing its flat car to stop across the highway without lights or other signals of its presence, still we think the evidence discloses contributory negligence on the part of the plaintiff which bars recovery. It is sufficient to defeat recovery if plaintiff's negligence is one of the proximate causes of the injury, it need not be the sole proximate cause. *Construction Co. v. R. R.,* 184 N. C., 179; *Davis v. Jeffreys,* 197 N. C., 712.

The plaintiff testified that he was operating his automobile between the main line track of the Southern Railway Company and the main line track of the Atlantic Coast Line Railroad Company at about 30 miles per hour; that he had slowed down from that rate of speed as he neared the side track; that he was running about 15 or 18 miles an hour

when he discovered something was ahead of him, when he slammed on his brakes and dragged his wheels; that notwithstanding he was driving at the rate of speed indicated he could not stop his automobile after he discovered there was something across the highway in time to avoid colliding with the flat car; that he first saw the flat car when he was in about ten feet of it; that his lights were in good condition and shone under the flat car.

We think, and so hold, that this case is governed by the principles enunciated in *Weston v. R. R.,* 194 N. C., 210, wherein *Brogden, J.,* states: "Hence, in the final analysis, the case presents the question of the duty of an automobile driver, operating his car in the nighttime, with his vision obscured by rain or other conditions upon the highway." In the case at bar there was no rain, but there were "other conditions on the highway," namely, the darkened condition of the highway caused by the shadows from the trees and houses on the defendant's right of way. If this darkened condition rendered it impossible for the plaintiff to see a flat car across the highway in time to enable him to stop his automobile at the rate of speed at which he was operating it soon enough to avoid a collision, there was a failure to exercise due care on the part of the plaintiff in operating his automobile at such a rate of speed. If the plaintiff saw, or by the exercise of due care could have seen, the flat car in time to stop his automobile soon enough to avoid the collision and failed to do so, there was likewise a failure to exercise due care on his part. The plaintiff, according to his own testimony, was guilty of contributory negligence either in failing to drive within the radius of his lights, that is at a speed at which he could stop within the distance to which his lights would disclose the existence of obstructions, or in failing to see the flat car in time to avoid the collision. It makes no difference which horn of the dilemma the plaintiff takes, his cause of action is defeated by his own negligence.

The general rule applicable to cases circumstanced as the case at bar is quoted from Huddy on Automobiles, 7 ed., 1924, sec. 396, in *Weston v. R. R., supra,* as follows: "It was negligence for the driver of the automobile to propel it in a dark place in which he had to rely on the lights of his machine at a rate faster than enabled him to stop or avoid any obstruction within the radius of his light, or within the distance to which his lights would disclose the existence of obstructions. . . . If the lights on the automobile would disclose obstructions only ten yards away it was the duty of the driver to so regulate the speed of his machine that he could at all times avoid obstructions within that distance. If the lights on the machine would disclose objects farther away

We think the motion for judgment as in case of nonsuit should have been allowed, and, therefore, the judgment of the Superior Court is
    Reversed.

