RICHARD J. HALL v. HIGH POINT, THOMASVILLE AND DENTON RAIL- ROAD COMPANY

No. 7922SC159

(Filed 18 December 1979)

1. **Evidence § 18— experimental evidence—circumstances not shown to be substantially similar**

   In an action to recover for injuries suffered by plaintiff when his motorcycle struck defendant's unlighted boxcar at a grade crossing at night, the trial court properly excluded evidence of an experiment conducted by plaintiff's witness relating to the visibility of a train at the crossing at night where there was no evidence that the experiment was conducted under the same atmospheric conditions as existed at the time of the accident and no evidence as to the speed the witness was traveling when he conducted the experiment.

2. **Evidence §§ 34.1, 35— statements by defendant's employee—res gestae—admission against interest**

A statement by defendant railroad's brakeman that he ran as hard as he could but did not get there in time to stop plaintiff, made several minutes after plaintiff's motorcycle struck defendant's train at a grade crossing, was not admissible as part of the *res gestae* or as a declaration against the interest of defendant.

3. **Railroads § 5.8— grade crossing accident—contributory negligence of motorcyclist**

In an action to recover for injuries suffered by plaintiff when his motorcycle struck defendant railroad's unlighted boxcar at a grade crossing at night, plaintiff's evidence disclosed that he was contributorily negligent as a matter of law in failing to see the boxcar where it showed that the weather was clear and dry; there were no obstructions to block plaintiff's view; he was familiar with the location of the crossing; and the motorcycle headlights revealed an object 250 feet ahead of plaintiff, but he did not see the boxcar until he was 30 to 35 feet from it.

APPEAL by plaintiff from *Hairston, Judge*. Judgment entered 22 September 1978 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 18 October 1979.

Plaintiff filed this civil action to recover for personal injuries and property damage he sustained in a grade-crossing collision between his motorcycle and defendant's boxcar.

Around 11:00 p.m. on 11 May 1972, plaintiff and two other motorcycle riders had been proceeding in a southerly direction on Liberty Drive in Thomasville. At the intersection of Liberty Drive and Trinity Street, they had stopped for the stoplight. When the light changed, plaintiff had continued along Liberty Drive. Thirty to thirty-five feet from the crossing, plaintiff saw the unlit train sitting across the track but was unable to avoid the collision. There was a street light behind the train, but it did not illuminate it. The boxcars and wheels of the train were dark, and in the background, were dark bushes.

The crossing is located at the crest of a slight incline on Liberty Drive. One hundred feet from the crossing in a northerly direction, a hosiery mill is located, and a light is located in front of the building. Plaintiff was familiar with the railroad crossing, having crossed it approximately 100 times. On the night of the accident, the weather was clear and dry, and there were no obstructions of his view. Plaintiff's motorcycle had a regular, standard

---

Hall v. Railroad Co.

---

motorcycle headlight which illuminated objects up to 250 or 300 feet ahead, but he did not see the train.

Mrs. Sanya Hester testified in pertinent part:

"[I] was visiting my mother, close to the crossing, she living on Jay Avenue. I left her house after dark, traveling by car in a Corvette, went down Jay Avenue to Liberty Drive, made a right turn and was about two or three blocks from the crossing then. It's level there and then an incline a little more towards the crossing. I got about to the train; I did not see it at first; I had to stop quickly. I sat there a second; I heard a loud crash. A man came out from the right and said go call an ambulance, then I realized there had been an accident. He came from my right and was on the other side of the train. As I came up, I could not see on the other side of the train at all into the street on the other side. My lights were up there above the wheels of the train. I rode back to my mother's house, had her call the ambulance and went back. I had lived close to this crossing on Jay Avenue since I was fourteen with my mother.

COURT: You were going north?

A. Yes, sir.

COURT: You never saw the boxcars in the direction in which plaintiff was coming, is that right?

A. No."

At the conclusion of plaintiff's case, defendant moved for a directed verdict. The trial court granted the motion. Plaintiff appealed.

*J. W. Clontz, for plaintiff appellant.*

*Lovelace, Gill & Snow, by James B. Lovelace, for defendant appellee.*

ERWIN, Judge.

[1]  Plaintiff contends the trial court erred in excluding evidence of an experiment conducted by plaintiff's witness relating to the visibility of a train at the crossing at night. We disagree.

Whether or not evidence of experiments is admissible is, under the circumstances of each case, a preliminary question for the determination of the court in the exercise of its discretion, which will not be interfered with by an appellate tribunal unless an abuse is made clearly to appear. *Service Co. v. Sales Co.*, 259 N.C. 400, 131 S.E. 2d 9 (1963); *Mintz v. R.R.*, 236 N.C. 109, 72 S.E. 2d 38 (1952). Normally, however, to be admissible, an experiment must satisfy two requirements: (1) it must be under conditions substantially similar to those prevailing at the time of the occurrence involved in the action, and (2) the result of the experiment must have a legitimate tendency to prove or disprove an issue arising out of such occurrence. *Service Co. v. Sales Co., supra,* and *Mintz v. R.R., supra.* The trial court found that plaintiff had failed to meet the first requirement enumerated above.

Plaintiff's witness would have testified that some two weeks later between midnight and 1:15 a.m., he returned to the scene of the accident. He approached the crossing from a southerly direction on his motorcycle, a Honda 350, which was almost identical and the same size as plaintiff's Triumph 500 except for the size of the engine, and the lights on the two motorcycles shone the same. In approaching the crossing on Liberty Drive, the witness started from the intersection at Trinity Street. A boxcar was across the street as he approached the crossing, but he was unable to see the boxcar until he was "[a]s far from here to the end of the wall there." It is not clear to us as to the distance to which the witness was testifying. However, it is clear to us that the trial court did not err in excluding the results of the witness' experiments, because there is no evidence in the record that the experiments were conducted under the same atmospheric conditions, *i.e.*, plaintiff testified that the weather was clear and dry and that there were no obstructions, while the proffered testimony of plaintiff's witness only reveals that the night was dark. Also, there is no evidence as to the speed which the witness was traveling when he conducted the experiment. Accordingly, this assignment of error is overruled.

[2]   As his second assignment of error, plaintiff contends the trial court erred in excluding the statement of the railroad's brakeman that he ran as hard as he could run, but did not get there in time to stop him.

Hall v. Railroad Co.

The record reveals that the brakeman's statement was made several minutes after the accident, was not part of the *res gestae*, and was therefore properly excluded, *see Lee v. R.R.*, 237 N.C. 357, 75 S.E. 2d 143 (1953); *Bailey v. R.R.* and *King v. R.R.*, 223 N.C. 244, 25 S.E. 2d 833 (1943); *Batchelor v. R.R.*, 196 N.C. 84, 144 S.E. 542 (1928), nor was the statement admissible as a declaration against the interest of defendant. *See Staley v. Park*, 202 N.C. 155, 162 S.E. 202 (1932).

[3] Finally, plaintiff contends that the trial court erred in entering a directed verdict against him. We disagree.

Plaintiff's own evidence, when viewed in the light most favorable to him, reveals that on the night of the accident, the weather was clear and dry. There were no obstructions to block his view. He was familiar with the location of the railroad crossing, having crossed it at least 100 times. His headlights revealed an object at least 250 feet ahead of him, but he did not see the boxcar until he was 30 to 35 feet from it. Regardless whether or not plaintiff actually saw the boxcar, the law imposed upon him the duty to exercise such care so that he should have seen it. *Lee v. R.R.*, 212 N.C. 340, 193 S.E. 395 (1937).

The facts in *Lee, supra*, are practically on all fours with those in the present case. In *Lee, supra*, the plaintiff was driving eastward on a state highway on the west side of the city of Goldsboro when he collided with a flatcar standing across the highway. Plaintiff did not see the flatcar because of the shadows cast by trees and small houses. As here, defendant had failed to provide lights or signals of the presence of the flatcar, and plaintiff could not and did not see the flatcar in time to stop his automobile and avoid the collision. Nevertheless, our Supreme Court stated:

> "[I]n the case at bar there was no rain, but there were 'other conditions on the highway,' namely, the darkened condition of the highway caused by the shadows from the trees and houses on the defendant's right of way [sic]. If this darkened condition rendered it impossible for the plaintiff to see a flat car [sic] across the highway in time to enable him to stop his automobile at the rate of speed at which he was operating it soon enough to avoid a collision, there was a failure to exercise due care on the part of the plaintiff in operating his

automobile at such a rate of speed. If the plaintiff saw, or by the exercise of due care could have seen, the flat car [sic] in time to stop his automobile soon enough to avoid the collision and failed to do so, there was likewise a failure to exercise due care on his part. The plaintiff, according to his own testimony, was guilty of contributory negligence either in. failing to drive within the radius of his lights, that is at a speed at which he could stop within the distance to which his lights would disclose the existence of obstructions, or in failing to see the flat car [sic] in time to avoid the collision. It makes no difference which horn of the dilemma the plaintiff takes, his cause of action is defeated by his own negligence."

212 N.C. at 342, 193 S.E. at 396.

Since the Supreme Court's decision in *Lee, supra*, it has decided the cases of *Beasley v. Williams*, 260 N.C. 561, 133 S.E. 2d 227 (1963), and *Jernigan v. R.R. Co.*, 275 N.C. 277, 167 S.E. 2d 269 (1969).

The Supreme Court held in *Beasley, supra*, that the failure of a driver to stop a motor vehicle within the radius of the lights of the vehicle or within the range of his vision is no longer negligence *per se* or contributory negligence *per se*. In *Jernigan, supra*, the Supreme Court held that entry of a motion of nonsuit against the plaintiff on the grounds of contributory negligence was improper where the plaintiff motorist collided in the night-time with a train engine standing on a railroad crossing, the tracks were on a downgrade, and a trestle obstructed plaintiff's view.

Even so, the court did not alleviate the duty of an operator of a motor vehicle or motorcycle from a continuing duty to look and listen before entering upon a railroad crossing. *See Jernigan, supra*. Likewise, plaintiff was under a duty to see what could have been seen. *See Lee v. R.R., supra*.

Plaintiff's evidence shows that he should have seen the box-car in time to avoid the collision, that his failure to do so was a proximate cause of his injury, and that he was guilty of contributory negligence as a matter of law. To the extent that *Lee v. R.R., supra*, iterates this alternative ground for entering a directed verdict, formerly judgment of nonsuit, it is still the law.

The judgment entered below is

Affirmed.

Judges VAUGHN and HILL concur.