LISS OF CAROLINA, INC., PLAINTIFF v. SOUTH HILLS SHOPPING CENTER, INC., AND DAVID MARTIN, DEFENDANTS AND THIRD PARTY PLAINTIFFS v. RICHARD LISS AND EMILY STRAND, THIRD PARTY DEFENDANTS

No. 8610SC1009

(Filed 7 April 1987)

**1. Contracts § 27.2— breach of contract—prima facie evidence—denial of directed verdict for defendant**

Where plaintiff's evidence established a prima facie case of breach of a lease agreement, defendant's motion for directed verdict was properly denied irrespective of the evidence of damages.

**2. Damages § 13.2— breach of lease agreement—lost profits—competency of evidence**

In an action for breach of a lease agreement, plaintiff's certified public accountant was properly permitted to state his expert opinion as to the loss of profits suffered by plaintiff's store as a result of defendant's breach of the lease agreement where, at defendant's request, the witness disclosed the underlying information upon which he based his opinion, and this information included records kept for accounting purposes by the expert witness and data supplied to him by plaintiff's management employees. N.C.G.S. § 8C-1, Rules 703 and 705.

APPEAL by defendant South Hills Shopping Center, Inc., from *Hight, Judge.* Judgment entered 24 March 1986 in Superior Court, WAKE County. Heard in the Court of Appeals 30 March 1987.

This is a civil action wherein plaintiff, tenant, seeks to recover damages from defendant South Hills Shopping Center, Inc., landlord, for breach of contract. Plaintiff also seeks to recover damages from defendant David Martin, president of the corporate defendant, for obtaining a temporary restraining order against plaintiff "maliciously and without just cause." Defendants filed a counterclaim seeking damages from plaintiff and third-party defendants for plaintiff's alleged breach of the same contract.

The evidence at trial tends to show the following: On 7 September 1982, plaintiff leased from defendant South Hills Shopping Center, Inc. [hereinafter South Hills], a building located in South Hills Service Plaza in Raleigh, North Carolina. On or about 26 November 1982, plaintiff opened a store in the building. Prior to the opening of the store, the roof of the building began to leak.

Although employees of plaintiff complained to defendant Martin about the condition of the roof, it was not repaired and continued to leak. On 27 February 1984, a portion of the roof blew off during a rainstorm. The roof was repaired and the store reopened on 1 March 1984. On 19 March, it rained again and water poured into the store through the roof. On 23 March 1984, plaintiff's employees began removing inventory from the store. Defendant South Hills obtained a temporary restraining order enjoining plaintiff from removing personal property from the store, which was dissolved on 12 April 1984. Plaintiff made its last rental payment on 1 April 1984, and on or about 30 October 1984, plaintiff vacated the premises.

At the close of all of the evidence, defendants made motions for directed verdict. The trial court granted defendant David Martin's motion and denied the motion of defendant South Hills. The following issues were submitted to and answered by the jury as indicated:

1) Did the defendant breach the lease between the plaintiff and defendant?

ANSWER: YES

2) If so, what amount of damages, if any, is the plaintiff entitled to recover of the defendant?

ANSWER: $196,168.00

3) What amount, if any, of the damages sustained by the plaintiff could have been avoided?

ANSWER: 0

4) Is the plaintiff indebted to the defendant for unpaid rent?

ANSWER: YES

5) If so, what amount of unpaid rent is the defendant entitled to recover of the plaintiff?

ANSWER: $31,800.00

6) What amount of unpaid rent could have been avoided by the defendant?

ANSWER: 0

Liss of Carolina v. South Hills Shopping Center

From a judgment entered on the verdict, defendant South Hills appealed. Plaintiff also gave notice of appeal.

*David R. Cockman for plaintiff, appellee.*

*Smith, Debnam, Hibbert & Pahl, by Carl W. Hibbert and Wm. Lewis King, for defendant, appellant.*

HEDRICK, Chief Judge.

We note at the outset that no question is raised or argued with respect to the verdict of the jury that defendant South Hills did in fact breach its contract with plaintiff. The only questions argued on this appeal by defendant relate to the issue of damages.

[1] Defendant contends the trial court erred in denying its timely motions for directed verdict and judgment notwithstanding the verdict. In its brief, defendant South Hills argues that the evidence with respect to damages was not sufficient to warrant submitting the case to the jury.

The question presented by a motion for a directed verdict is whether the evidence, when considered in the light most favorable to the plaintiff, will justify a verdict in his favor. *Rayfield v. Clark*, 283 N.C. 362, 196 S.E. 2d 197 (1973). The same question is raised by a motion for judgment notwithstanding the verdict. *Id.* Where the plaintiff's evidence establishes a prima facie case of breach of contract, a motion for directed verdict is properly denied irrespective of the evidence of damage. *Cook v. Lawson*, 3 N.C. App. 104, 164 S.E. 2d 29 (1968). Such cases should be submitted to the jury, because "[w]here plaintiff proves breach of contract he is entitled at least to nominal damages." *Robbins v. Trading Post, Inc.*, 251 N.C. 663, 666, 111 S.E. 2d 884, 886 (1960). (Citation omitted.)

In the present case the jury found that defendant breached its contract with plaintiff with respect to the leasehold property. The evidence in the record is sufficient to support that verdict and, as stated above, defendant makes no contention on appeal regarding the issue of defendant's breach of the contract. Thus, plaintiff was entitled to have its case submitted to the jury as a matter of law. *Cole v. Sorie*, 41 N.C. App. 485, 255 S.E. 2d 271,

*disc. rev. denied*, 298 N.C. 294, 259 S.E. 2d 911 (1979). No question is raised on appeal as to the sufficiency of the evidence to support the verdict that plaintiff's damage was $196,168.00. No question is raised on appeal as to the instructions to the jury relative to the issue of damages. Indeed, in oral argument, defendant conceded that he did not challenge the instructions to the jury. The trial court did not err in denying defendant's motion for directed verdict and judgment notwithstanding the verdict.

[2]   Finally, defendant contends the trial court erred in allowing plaintiff's expert witness, John Daugherty, plaintiff's certified public accountant, to testify over defendant's objection that in his opinion plaintiff suffered a loss of profits as a result of defendant's breach of contract of $1,449,782.00. Defendant did not contend at trial, nor does it argue on appeal, that plaintiff's certified public accountant was not an expert. The witness was qualified as an expert and allowed to testify as to his opinion as to what the projected net income of plaintiff would have been, had it remained in business for the full term of the lease. Defendant merely argues 1) the witness was not competent to testify as to his opinion based on facts beyond his personal knowledge and 2) the witness gave a "mere guess or opinion, unsupported by facts," as to the damages arising from the breach of contract. Defendant's arguments are meritless.

G.S. 8C-1, Rule 703 provides, in pertinent part, "[t]he facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing." G.S. 8C-1, Rule 705 further provides, in pertinent part, as follows:

> The expert may testify in terms of opinion or inference and give his reasons therefor without prior disclosure of the underlying facts or data, unless an adverse party requests otherwise, in which event the expert will be required to disclose such underlying facts or data on direct examination or voir dire before stating the opinion. The expert may in any event be required to disclose the underlying facts or data on cross-examination.

An expert is not required to testify from personal knowledge, as long as the basis for his or her opinion is available in the record

or available upon demand. *Thompson v. Lenoir Transfer Co.,* 72 N.C. App. 348, 324 S.E. 2d 619 (1985).

In the present case, plaintiff's expert witness testified regarding his opinion about what the projected net income of plaintiff's store would have been if it had remained in business. At defendant's request, the witness disclosed the underlying information upon which he based his opinion. This information included records kept for accounting purposes by the expert witness and data supplied to him by plaintiff's management employees. The witness's reliance on such data is permitted by G.S. 8C-1, Rule 703. We hold, therefore, that the court did not err in overruling defendant's objection to the question put to the expert witness and in allowing the witness to give his opinions to the loss of profits suffered by plaintiff as a result of defendant's breach of the lease contract.

Because of our decision herein, it is unnecessary for us to address plaintiff's cross-assignments of error.

No error.

Judges WELLS and BECTON concur.