WILLIE MAE McCLAIN, PLAINTIFF v. OTIS ·ELEVATOR COMPANY, INC., DEFENDANT

No. 9114SC486

(Filed 7 April 1992)

1. **Evidence and Witnesses § 218 (NCI4th) — subsequent remedial measures — inadmissibility to show negligence**

In an action to recover for injuries received by plaintiff when an elevator allegedly dropped below the level of the hallway and she fell while exiting the elevator, evidence that defendant replaced a worn leveling brush in the elevator following plaintiff's accident was rendered inadmissible by N.C.G.S. § 8C-1, Rule 407 to prove negligence by defendant.

**Am Jur 2d, Evidence §§ 275, 628.**

**Admissibility of evidence of repairs, change of conditions, or precautions taken after accident. 64 ALR2d 1296.**

2. **Evidence and Witnesses § 2171 (NCI4th) — expert opinion — cross-examination not relevant to show basis**

In an action to recover for injuries received by plaintiff when a hospital elevator dropped below the level of the hallway and plaintiff fell while exiting the elevator, cross-examination of defendant's expert witness about entries in the hospital service records concerning prior and subsequent reports of leveling problems in other hospital elevators was not admissible to attack the basis of the witness's opinion that the elevator in question was operating properly on the date of plaintiff's accident and was correctly excluded as irrelevant where the witness repeatedly stated that his opinion was based only upon his observations of the particular elevator and his review of the service record for that elevator. Furthermore, the trial court did not err in ruling that evidence of incidents involving other elevators would likely confuse and mislead the jury.

**Am Jur 2d, Evidence §§ 301, 302.**

3. **Trial § 46 (NCI3d) — motion for new trial — juror affidavits incompetent**

The affidavits of two jurors purportedly showing that the jury disregarded the evidence and the trial court's instruc-

tions were incompetent to support plaintiff's Rule 59 motion for a new trial.

**Am Jur 2d, New Trial §§ 210, 211.**

APPEAL by plaintiff from *Read (J. Milton, Jr.), Judge*. Judgment entered 15 February 1991 in Superior Court, DURHAM County. Heard in the Court of Appeals 16 March 1992.

Plaintiff instituted this civil action by filing a complaint wherein she alleged that she was injured when an elevator manufactured and maintained by Otis Elevator and installed at Durham County General Hospital, Durham, North Carolina, malfunctioned and caused her to fall as she attempted to exit the elevator. Ms. McClain alleged that defendant's negligent failure to service and maintain the elevator caused the malfunction which led to her injury.

The evidence presented to the jury tends to show that plaintiff is a licensed practical nurse who was employed by Durham County General Hospital on 8 January 1986. While at work that evening, Ms. McClain used an elevator designated by the hospital as "Elevator No. 1" to go from the fifth floor of the hospital to the ground floor. When the elevator stopped at the ground floor, the doors opened fully. According to plaintiff, as she walked toward the doors, the elevator "shuddered, jerked and dropped," causing the elevator floor to be uneven with the floor of the hallway landing. Plaintiff's right shoe caught on the ledge of the hallway landing, causing her to trip forward and fall. As a result of that fall, plaintiff suffered permanent injury to her right leg.

In January 1986, Durham County General Hospital had several passenger elevators. All were sold and installed by Otis Elevator and all were serviced and maintained by Otis Elevator pursuant to a contract with the hospital. Both the hospital and Otis Elevator maintain written logs for the service and maintenance performed on all hospital elevators. A service request in the hospital's log referencing the incident involving Ms. McClain on 8 January 1986 indicated that a passenger reported Elevator No. 1 was "bouncing." The service mechanic who responded to the complaint testified that he examined the elevator and found that the down direction leveling brush, a part of the elevator's selector, was badly worn.

The passenger elevators installed by defendant at the hospital were all generally similar in type. The service mechanics employed

McCLAIN v. OTIS ELEVATOR CO.

[106 N.C. App. 45 (1992)]

by Otis Elevator were required to examine, among other things, the leveling of each elevator during the regular weekly service visits to the hospital. At specified intervals during the year, the service mechanics were also required to pay specific attention to the elevators' "selectors," including its component leveling brushes, which was part of the system used to bring the elevator within the specified zone of leveling with hallway floors.

The defendant's expert witness, Dr. Charles Manning, testified that he first examined Elevator No. 1 in 1989. He stated that he was familiar with the service program and procedure of Otis Elevator and that he believed Otis Elevator had complied with those procedures with regard to Elevator No. 1 prior to plaintiff's accident. Dr. Manning further testified that, in his opinion, the elevator had been working properly on the day of Ms. McClain's injury and that the worn leveling brush found by the service mechanic would not cause the elevator to stop, bounce and then fall as plaintiff described.

Defendant filed a motion *in limine* prior to trial requesting that any evidence pertaining to the replacement of this worn leveling brush by defendant following Ms. McClain's accident be excluded along with any evidence of other alleged leveling problems with elevators other than Elevator No. 1 in the hospital. The trial judge granted defendant's motion.

The case was tried at the 22 January 1991 session of the Superior Court, Durham County and the jury returned a verdict finding no negligence on the part of defendant on 30 January 1991. Plaintiff thereafter requested a new trial pursuant to Rule 59 of the North Carolina Rules of Civil Procedure which the trial court denied.

Plaintiff appeals from the judgment entered on the verdict in favor of defendant.

*Merriman, Nicholls & Crampton, P.A., by Steven L. Evans, for plaintiff, appellant.*

*Maupin Taylor Ellis & Adams, P.A., by Mark S. Thomas, and John C. Millberg, for defendant, appellee.*

HEDRICK, Chief Judge.

[1] Plaintiff first assigns error to the trial court's exclusion of evidence that the worn leveling brush found in Elevator No. 1

following Ms. McClain's accident was replaced and destroyed by defendant. Plaintiff contends that this evidence is admissible to show that the worn brush could have caused the elevator to malfunction in the manner described by Ms. McClain.

This issue is answered directly by the language of Rule 407 of the North Carolina Rules of Evidence which states:

> When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if those issues are controverted, or impeachment.

G.S. 8C-1, Rule 407. This rule is founded on the policy that persons "should be encouraged to improve, or repair, and not be deterred from it by the fear that if they do so their acts will be construed into an admission that they had been wrongdoers." *R. R. v. Trucking Co.*, 238 N.C. 422, 425, 78 S.E.2d 159, 161 (1953) (citations omitted).

Plaintiff's stated purpose in offering the evidence was to establish the causal link between the alleged improper maintenance by defendant and the injury to Ms. McClain. Such a link was crucial to plaintiff's proof of negligence. Introduction of evidence of the removal of the brush for this purpose is clearly prohibited by Rule 407. *See Klassette v. Mecklenburg County Area Mental Health*, 88 N.C. App. 495, 504, 364 S.E.2d 179, 185 (1988); *Jenkins v. Helgren*, 26 N.C. App. 653, 659, 217 S.E.2d 120, 124 (1975).

[2] Plaintiff next contends the trial judge erred in excluding evidence of leveling problems which had allegedly occurred in hospital elevators six months prior to and six months following the incident involving Ms. McClain. During cross examination, plaintiff attempted to question defendant's expert about entries appearing in the hospital elevator service record which referenced 20 reports of leveling problems in hospital elevators other than Elevator No. 1 during that time period. The trial court sustained defendant's objection based upon the relevance of the evidence and further concluded that allowing the cross examination would be unduly prejudicial to defendant as well as confusing and misleading to the jury. Plaintiff argues that cross examination concerning these

## McCLAIN v. OTIS ELEVATOR CO.

incidents was crucial to attack the basis of Dr. Manning's opinion that Elevator No. 1 was operating properly on the date of Ms. McClain's accident.

Although Rules 703 and 705 of the North Carolina Rules of Evidence give plaintiff the right to vigorously cross examine defendant's expert regarding the underlying facts upon which he bases his opinion, *see Liss of Carolina v. South Hills Shopping Center*, 85 N.C. App. 258, 261-262, 354 S.E.2d 549, 551 (1987), it is the duty of the trial judge "to exercise his sound discretion in controlling the nature and scope of the cross-examination in the interest of justice and in confining the testimony within the rules of competency, relevancy and materiality." *Barnes v. Highway Commission*, 250 N.C. 378, 395, 109 S.E.2d 219, 232 (1959). A ruling of this nature by the trial court should not be disturbed absent an abuse of discretion and a showing that the ruling was so arbitrary that it could not have been the result of a reasoned decision. *State v. Smith*, 99 N.C. App. 67, 71, 392 S.E.2d 642, 645 (1990), *cert. denied*, 328 N.C. 96, 402 S.E.2d 824 (1991), *quoting State v. Thompson*, 314 N.C. 618, 626, 336 S.E.2d 78, 82 (1985).

Plaintiff contends that defendant's expert based his conclusion that Elevator No. 1 had operated properly on the date of Ms. McClain's incident in part upon his opinion that defendant exercised a thorough and effective maintenance program with regard to all Otis elevators within the hospital. A careful review of Dr. Manning's testimony before the jury, however, clearly shows that he limited his opinion as well as the stated basis of his opinion to his observation of Elevator No. 1. At no point in his testimony did Dr. Manning state that his conclusions were based upon his investigation of the service and maintenance record of other elevators. Both on direct examination and cross examination, Dr. Manning repeatedly stated that his opinion was based upon the tests which he performed upon Elevator No. 1 as well as his review of the service and maintenance record of that particular elevator. It was only upon questioning by plaintiff, outside of the presence of the jury, that the expert stated that he believed Otis operated "one of the best safety prevention programs around." He further specified, however, that, in this case, his statements concerning the quality of maintenance by Otis dealt exclusively with the service record of Elevator No. 1.

We see no relevance, therefore, in evidence of incidents regarding other elevators in the hospital. Further, the trial judge acted well within his discretion in ruling that the introduction of 20 separate and unrelated incidents would likely confuse and mislead the jury. Plaintiff's second assignment of error has no merit.

[3] Plaintiff's final contention is that the trial court erred in denying her motion for a new trial pursuant to Rule 59 of the North Carolina Rules of Civil Procedure. Plaintiff's only argument in support of this contention is that the trial court should have set the verdict aside following its review of the affidavits of two jurors which stated that the jury's verdict was based upon its conclusion that defendant was not negligent in failing to find the worn leveling brush. According to plaintiff, the statements of these jurors show that the jury "disregarded the evidence and the Court's instructions . . . ."

After a jury has rendered a verdict and has been discharged by the court, "jurors will not be allowed to attack or overthrow [the verdict], nor will evidence from them be received for such purpose." *Craig v. Calloway*, 68 N.C. App. 143, 150, 314 S.E.2d 823, 827 (1984), *citing Selph v. Selph*, 267 N.C. 635, 637, 148 S.E.2d 574, 576 (1966). Rule 606(b) of the North Carolina Rules of Evidence specifically states:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith . . . . Nor may his affidavit or evidence of any statement by him concerning a matter about which he would be precluded from testifying be received for these purposes.

G.S. 8C-1, Rule 606(b).

Plaintiff's Rule 59 motion was presented to the court in an effort to convince the court to overrule the jury's verdict. She offered the testimony of individual jurors as reason for the allowance of her motion. Such use of juror testimony is clearly prohibited by the above stated rules of law and plaintiff's assignment of error is without merit.

No error.

Judges ORR and WALKER concur.