DONNA JONES (GRIFFIN) Administratrix of the Estate of ROCKY LANE JONES, Plaintiff v. WILLIAM LEE ROCHELLE, Defendant

No. COA94-1411

(Filed 7 January 1997)

**1. Evidence and Witnesses § 2885 (NCI4th)— wrongful death—excluded testimony—cross-examination—prior case—no abuse of discretion**

The trial court did not abuse its discretion in a wrongful death action, which resulted from a collision with a log tractor-trailer, where it excluded a portion of a defense expert witness's prior testimony from a completely different case. The trial court correctly ruled that admitting this evidence would cause undue prejudice, create an undue consumption of time, and confuse the jury. N.C.G.S. § 8C-1, Rule 403.

**Am Jur 2d, Witnesses § 831.**

**2. Automobiles and Other Vehicles § 729 (NCI4th)— posted speed limit—violation as negligence per se—erroneous instruction**

The trial court erred by instructing the jury that the posted speed limit was 30 miles per hour where the accident occurred and that a violation of this safety statute by decedent was negligence *per se* where a yellow diamond-shaped sign which warned of two curves was a warning sign only and a smaller yellow rectangular sign posted below it with "30 m.p.h." in black letters was an advisory speed plate indicating the maximum recommended speed around the curves; the collision occurred on a straight portion of the highway at least 600 feet past the last curve for which the sign warned drivers; and once the decedent had safely negotiated the curves, the speed limit recommendation was no longer applicable.

**Am Jur 2d, Automobiles and Highway Traffic §§ 232-235.**

**Necessity and propriety of instruction as to prima facie speed limit. 87 ALR2d 539.**

**3. Evidence and Witnesses § 1759 (NCI4th)— no abuse of discretion—experiment—reconstruction of automobile collision—variations explained**

The trial court did not abuse its discretion in admitting expert testimony on a visibility experiment conducted by the defense during a reconstruction of an automobile accident where some differences existed between the experiment and the actual circumstances surrounding the accident. At trial the defense expert explained how these variations affected the experiment's results, and plaintiff had ample opportunity to highlight any dissimilarities between the experiment and the accident through cross-examination.

**Am Jur 2d, Witnesses §§ 735, 736, 1027.**

**Admissibility of opinion evidence as to point of impact or collision in motor vehicle accident case. 66 ALR2d 1048.**

**4. Automobiles and Other Vehicles § 559 (NCI4th)— common law—contributory negligence.**

The common law doctrine of contributory negligence has been the law in this State and will remain the law until our Supreme Court overrules it or the General Assembly adopts comparative negligence.

**Am Jur 2d, Automobiles and Highway Traffic §§ 414 et seq.**

Appeal by plaintiff from judgment entered 23 May 1994 by Judge Paul M. Wright in Jones County Superior Court. Heard in the Court of Appeals 26 September 1995.

*Donald J. Dunn, P.A., by Donald J. Dunn, for plaintiff-appellant.*

*Sherman and Smith, L.L.P., by Scott G. Sherman and L. Bryan Smith, for defendant-appellee.*

McGEE, Judge.

Rocky Lane Jones was killed on 13 November 1991 when the automobile he was operating ran into the side of an empty log tractor-trailer being driven by defendant, William Lee Rochelle, as Rochelle was backing the trailer into his driveway. At approximately 8:00 p.m., Jones was driving on Rural Paved Road 1116, also known as White

Oak River Road in Jones County. Traveling in an easterly direction, Jones approached a portion of the road that consisted of two curves in opposite directions. At the same time, about six hundred feet east of this set of curves, Rochelle was in the process of maneuvering his tractor-trailer into the driveway of his house located directly off White Oak River Road, by backing it in, trailer first. Because of the length of the tractor-trailer, the trailer was positioned across both lanes of the two-lane road, with the tractor pointing in a westerly direction creating an "L" shape in the road.

Before approaching the set of curves, Jones passed a yellow, diamond-shaped warning sign with the curve configuration on it located on the right shoulder of the road. Below the diamond-shaped sign was a rectangular sign with "30 m.p.h." printed in black letters against a yellow background. The record shows Jones proceeded through the curves at a speed of approximately 35 to 45 miles per hour. As he was coming out of the second curve he began to accelerate. He drove 600 feet along a straightaway, colliding with defendant's 40-foot-long log trailer pulled across decedent's lane of travel. Several hours later, Jones died from the injuries he sustained as a result of the collision. Highway Patrol officers who investigated the accident reported no skid marks left by Jones prior to impact and found no lights or reflectors on the part of the log trailer that was across the decedent's lane of travel. An eyewitness to the accident testified he saw no brake lights appear on Jones' vehicle before the collision with the trailer.

Plaintiff, Donna Jones Griffin, was appointed Administratrix of the Estate of Rocky Lane Jones. She filed a wrongful death action pursuant to N.C. Gen. Stat. § 28A-18-1 and 28A-18-2. The jury reached its verdict finding that William Lee Rochelle negligently caused the death of Rocky Lane Jones, that Rocky Lane Jones negligently contributed to his own death, and that William Lee Rochelle did not have the last clear chance to avoid plaintiff's injury. The jury did not reach the issue of damages. Plaintiff appeals from the judgment entered 23 May 1994.

I.

[1] Plaintiff's first issue is whether the trial court erred by striking a portion of plaintiff's cross-examination of defense expert, Dr. Charles R. Manning, which dealt with a different negligence case in which Dr. Manning had testified about an accident similar to the one in this case. We conclude it did not.

**JONES v. ROCHELLE**

[125 N.C. App. 82 (1997)]

Rule 611(b) of the North Carolina Rules of Evidence states that "[a] witness may be cross-examined on any matter relevant to any issue in the case, including credibility." However, the extent of cross-examination is within the discretion of the trial court. *State v. Sams,* 317 N.C. 230, 240, 345 S.E.2d 179, 185 (1986). "Absent a showing of an abuse of discretion or that prejudicial error has resulted, the trial court's ruling will not be disturbed on review." *State v. Maynard,* 311 N.C. 1, 10, 316 S.E.2d 197, 202-03, *cert. denied,* 469 U.S. 963, 83 L. Ed. 2d 299 (1984), *dismissal of habeas corpus aff'd,* 943 F.2d 407, 20 Fed. R. Serv. 3d 1384 (1991), *cert. denied,* 502 U.S. 1110, 117 L. Ed. 2d 450 (1992); *See also Sams,* 317 N.C. at 240, 345 S.E.2d at 185.

"A party has the right to an opportunity to fairly and fully cross-examine a witness who has testified for the adverse party. This right, with respect to the *subject of his examination-in-chief,* is absolute and not merely a privilege." *Bank v. Motor Co.,* 216 N.C. 432, 434, 5 S.E.2d 318, 320 (1939) (emphasis added). However, "[t]he admissibility in evidence of testimony taken in another action depends not only upon the identity of the question being investigated, but upon the opportunity of the party against whom the evidence is offered, to cross-examine." *Bank,* 216 N.C. at 435, 5 S.E.2d at 320. Whether the testimony would create danger of undue consumption of time, unfair prejudice, or confusion for the jury are factors for the trial court's consideration. N.C. Gen. Stat. § 8C-1, Rule 403 states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

In *McClain v. Otis Elevator Co.,* 106 N.C. App. 45, 50, 415 S.E.2d 78, 80 (1992), this Court held it was within the trial court's discretion to exclude evidence of separate unrelated events when it determined that such evidence would likely confuse and mislead the jury. In this case, the trial court excluded a portion of defense witness Dr. Manning's prior testimony from a completely different case. In cross-examining Dr. Manning, plaintiff wanted to introduce names, parties, facts, and even entire portions of the transcript from the previous case. The trial court ruled admitting this evidence would cause undue prejudice, create an undue consumption of time, and confuse the jury.

The trial court is vested with broad discretion in controlling the scope of cross-examination and a ruling by the trial court should not

**JONES v. ROCHELLE**

[125 N.C. App. 82 (1997)]

be disturbed absent an abuse of discretion and a showing that the ruling was so arbitrary that it could not have been the result of a reasoned decision. *Id.* at 49, 415 S.E.2d at 80. We find no abuse of this discretion in this case.

## II.

**[2]** Plaintiff's second contention is that the trial court erred by determining the yellow, diamond-shaped signs on the highway set the legal speed limit within the area in which they were placed, resulting in a jury instruction that if the jury found the decedent exceeded that speed limit, he was contributorily negligent.

The trial court judge instructed the jury that:

[T]he accident occurred between two thirty mile per hour signs. The posted speed limit was thirty miles per hour. Therefore, I further instruct you that by erecting these two signs, the Department of Transportation has determined and declared that thirty miles per hour was the reasonable and safe speed limit. A violation of this safety statute is negligence in and of itself, because . . . every person is under a duty to follow standards of conduct enacted as laws for the safety of the public.

N.C. Gen. Stat. § 20-141(d), as well as our case law, support the rule that when the Department of Transportation determines a safe speed under the conditions in existence on a particular portion of highway, that speed is to be obeyed when appropriate signs are erected upon the parts of the highway affected, giving notice of the speed limit. Plaintiff argues the erected yellow sign in this case is a warning sign only and that the smaller speed limit sign posted beneath it is also a warning or advisory sign, not a regulatory sign. N.C. Gen. Stat. § 20-158(a)(3) authorizes the Department of Transportation to control vehicles at appropriate places by installing traffic signs.

The yellow diamond-shaped sign which warned of a curve in this case was a warning sign only and the smaller yellow rectangular sign posted below it with "30 m.p.h." in black letters was an advisory speed plate used to supplement warning signs and indicating the maximum recommended speed around the curve. *See* Manual on Uniform Traffic Control Devices for Streets and Highways, 1988 Edition, adopted by the N.C. Board of Transportation on 2 February, 1990. The sign was not a regulatory sign, wherein a failure to obey the sign is a violation of the traffic law.

**JONES v. ROCHELLE**

[125 N.C. App. 82 (1997)]

In *Davis v. Jessup and Carroll v. Jessup*, 257 N.C. 215, 218, 125 S.E.2d 440, 442 (1962), our Supreme Court examined the question of whether a jury instruction concerning the speed limit on an area of road surrounding an intersection was proper. The Court carefully noted the following facts:

> Approximately 240 yards south of the intersection there was a diamond-shaped sign with a cross, representing an intersection, and just below this, there was a square yellow sign with "35 MILES PER HOUR" written thereon in black letters. To the north of the intersection on the west side of [the road], for southward traffic, there was a similar sign.

*Davis*, 257 N.C. at 217, 125 S.E.2d at 441. The *Davis* Court upheld the following jury instruction: "within the intersection, between the two 35 miles per hour signs, the posted speed limit would be 35 miles an hour." *Davis*, 257 N.C. at 218, 125 S.E.2d at 442. See also G. S. 20-141(d). In *Davis*, the collision of the two automobiles was actually *in* the northern portion of the intersection. *Id.* at 217, 125 S.E.2d at 441. In this case, the record shows the collision occurred at least 600 feet past the last curve where the sign was erected to warn drivers, on a straight portion of the highway. Decedent had already passed the area where the warning sign notified him to drive with extra care.

As plaintiff argues, the speed limit posted below the diamond-shaped sign pertained only to the portion of the road that was curved and once the decedent had safely negotiated the curves, the speed limit recommendation on the warning sign was no longer applicable and the decedent could appropriately increase his speed. The trial court's jury instruction that the posted speed limit was 30 miles per hour where the accident occurred, and that a violation of this safety statute by decedent was negligence *per se* was in error. Plaintiff is therefore entitled to a new trial. *See Raper v. Byrum*, 265 N.C. 269, 144 S.E. 2d 38 (1965).

III.

[3] Plaintiff next argues the trial court erred in allowing into evidence expert testimony on a visibility experiment conducted by the defense during a reconstruction of the accident. Plaintiff asserts the experiment was not conducted under substantially similar conditions to the actual collision. We disagree.

There are two conditions which must be met in order for an experiment to be admissible: "(1) it must be under conditions sub-

stantially similar to those prevailing at the time of the occurrence involved in the action, and (2) the result of the experiment must have a legitimate tendency to prove or disprove an issue arising out of such occurrence." *Hall v. Railroad Co.*, 44 N.C. App. 295, 298, 260 S.E.2d 798, 800 (1979), *disc. review denied*, 299 N.C. 544, 265 S.E.2d 404 (1980). There is no requirement that the circumstances under which the experiment is conducted be precisely similar because, "the want of exact similarity [goes] to the weight of the evidence with the jury." *State v. Brown*, 280 N.C. 588, 597, 187 S.E.2d 85, 91, *cert. denied*, 409 U.S. 870, 34 L. Ed. 2d 121 (1972). The requirement for precise replication becomes even less important when any differences in the experiment are explainable by an expert witness. *Short v. General Motors Corp.*, 70 N.C. App. 454, 455, 320 S.E.2d 19, 20, *disc. review denied*, 312 N.C. 623, 323 S.E.2d 924 (1984).

Although it is within the discretion of the trial court to determine whether results from an experiment are admissible, this decision is subject to review in determining whether substantial similarity exists. *State v. Jones*, 287 N.C. 84, 98, 214 S.E.2d 24, 34 (1975). Some differences did exist between the experiment and the actual circumstances surrounding the accident; however, the defense expert, Dr. Manning, explained how these variations affected the results, if at all. For example, Dr. Manning testified that differences in the headlights on the decedent's vehicle and the vehicle used in the reconstruction were insignificant. He also testified that even though the tractor-trailer was stationary while the experiment was being conducted, unlike in the actual collision where it was moving, this provided a "layer of conservatism" because a moving vehicle would have been easier to see. Finally, plaintiff had ample opportunity to highlight any dissimilarities between the experiment and the accident through cross-examination of Dr. Manning. "Whether or not evidence of experiments is admissible is, under the circumstances of each case, a preliminary question for the determination of the court in the exercise of its discretion, which will not be interfered with by an appellate tribunal unless an abuse is made clearly to appear." *Hall*, 44 N.C. App. at 298, 260 S.E.2d at 799-800. The trial court did not abuse its discretion in admitting Dr. Manning's testimony and this assignment of error is overruled.

IV.

[4] In her next assignment of error, plaintiff contends the trial court should not have submitted the issue of contributory negligence to the

jury. Plaintiff asserts this Court should "judicially abrogate the doctrine as outdated and unjust."

The common law doctrine of contributory negligence has been the law in this State since *Morrison v. Cornelius*, 63 N.C. 346 (1869); *See also Corns v. Hall*, 112 N.C. App. 232, 237, 435 S.E.2d 88, 90 (1993). Although forty-six states have abandoned the doctrine of contributory negligence in favor of comparative negligence, contributory negligence continues to be the law of this State until our Supreme Court overrules it or the General Assembly adopts comparative negligence. *Bosley v. Alexander*, 114 N.C. App. 470, 471, 442 S.E.2d 82, 83 (1994). It is therefore beyond this Court's authority to abandon the doctrine of contributory negligence. *Corns*, 112 N.C. App. at 237, 435 S.E.2d at 91.

Having granted plaintiff a new trial, we need not address plaintiff's remaining issues related to damages and judgment notwithstanding the verdict.

The trial court erred in its instruction to the jury as to the posted speed where the accident occurred and in its instruction that a violation of the speed regulation by plaintiff was negligence *per se*. Therefore, plaintiff is entitled to a new trial.

New Trial.

Judges MARTIN, John C. and JOHN concur.