CAROLYN ALFORD, Plaintiff v. WANDA EVETTE LOWERY, Defendant

No. COA02-185

(Filed 3 December 2002)

**1. Pleadings— amendment to conform to evidence—contributory negligence—sufficiency of evidence**

The trial court did not abuse its discretion in an automobile accident case by allowing defendant's answer to be amended to include contributory negligence where plaintiff testified that she

observed defendant's vehicle traveling toward her in her lane for at least one and possibly two blocks, plaintiff took no evasive action until just before impact, and plaintiff did not blow her horn prior to the accident. Moreover, plaintiff was not prejudiced by the amendment because her attorney stated that he had been on notice of defendant's intent to amend her answer for some time. N.C.G.S. § 1A-1, Rule 15(b).

**2. Appeal and Error— preservation of issues—failure to object to instruction**

Plaintiff did not preserve for appeal the issue of whether the trial court erred by instructing the jury on contributory negligence where there was no evidence of plaintiff objecting to the instruction.

**3. Appeal and Error— preservation of issues—failure to request instructions—failure to object to omission**

A plaintiff in an automobile accident case waived any error in the court not instructing on last clear chance or gross negligence where there was no evidence that plaintiff requested those instructions or objected to their omission.

**4. Motor Vehicles— contributory negligence—automobile accident—sufficiency of evidence for verdict**

There was sufficient evidence to support a verdict of contributory negligence where plaintiff saw defendant's vehicle traveling toward her in her lane for one or two blocks, did not take evasive action until just prior to impact, the impact occurred while plaintiff's vehicle was completely in its own lane, and plaintiff made no attempt prior to the collision to catch defendant's attention.

**5. Attorneys— ineffective assistance of counsel—civil action**

Ineffective assistance of counsel does not provide a basis for setting aside a jury verdict in a civil case.

Appeal by plaintiff from judgment entered 28 August 2001 by Judge Nancy Black Norelli in Mecklenburg County District Court. Heard in the Court of Appeals 16 October 2002.

*Carolyn Alford, plaintiff-appellant, pro se.*

*Morris York Williams Surles & Barringer, LLP, by Christa C. Pratt and Marc S. Gentile, for defendant-appellee.*

HUNTER, Judge.

A jury found that Carolyn Alford ("plaintiff") was injured by the negligence of Wanda Evette Lowery ("defendant"). However, plaintiff was barred from recovery because the jury additionally found that plaintiff had been contributorily negligent. Plaintiff appeals from the judgment entered upon the verdict. We affirm for the reasons set forth herein.

This case arises from an automobile accident that occurred on the morning of 2 September 1996 at approximately 6:40 a.m. The accident took place in Mecklenburg County on Hawthorne Lane, which is a two lane road divided by a double yellow line. The evidence tended to show that as plaintiff was driving south on Hawthorne Lane, plaintiff noticed a car ahead of her, driven by defendant, cross the double yellow line and travel towards her in plaintiff's lane of travel. The two vehicles collided head-on. Plaintiff observed that defendant's car was in her lane of travel at least one, and maybe two, blocks away from the location of impact. According to plaintiff, the impact occurred completely in her lane of travel. Plaintiff nor defendant blew their horns prior to impact. Plaintiff testified that she did not take any evasive action until just prior to the collision.

Police Officer Kevin L. Weaver testified that when he arrived at the scene of the accident, both vehicles were straddling the yellow line. Officer Weaver further testified that there were thirty feet of skid marks from plaintiff's vehicle.

Plaintiff filed a complaint on 23 February 1999 alleging that defendant's negligence was a proximate cause of plaintiff's personal injuries and damages. Defendant filed an answer raising the defense of a sudden emergency. Defendant alleged in her answer that as she was proceeding northbound on Hawthorne Lane, an object appeared in the path of her vehicle and caused defendant to swerve to the left in order to avoid colliding with the object. A jury concluded that plaintiff was injured by the negligence of defendant but that plaintiff contributed to her injuries by her own negligence. Judgment was entered upon the verdict and plaintiff recovered nothing since the jury found she had been contributorily negligent.

At the outset, defendant points out that plaintiff's brief does not comply with Rule 28(b)(4) of the North Carolina Rules of Appellate Procedure because plaintiff failed to file a statement of the jurisdictional grounds for the appeal. Defendant requests that we dismiss

plaintiff's appeal for plaintiff's noncompliance. However, we elect to exercise our discretion pursuant to Rule 2 of the North Carolina Rules of Appellate Procedure and review the merits of this appeal.

## I.

**[1]** Plaintiff initially contends the trial court erred in granting defendant's motion to amend her answer to include the affirmative defense of contributory negligence. Plaintiff specifically asserts that defendant failed to present sufficient evidence to support such an amendment of the pleading.

Rule 15(b) of the North Carolina Rules of Civil Procedure provides the following in pertinent part:

> When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, either before or after judgment . . . . If evidence is objected to at the trial on the ground that it is not within the issues raised by the pleadings, the court may allow the pleadings to be amended and shall do so freely when . . . the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits.

N.C. Gen. Stat. § 1A-1, Rule 15(b) (2001). This Court has stated that "[l]iberal amendment of pleadings is encouraged by the Rules of Civil Procedure in order that decisions be had on the merits and not avoided on the basis of mere technicalities." *Phillips v. Phillips*, 46 N.C. App. 558, 560-61, 265 S.E.2d 441, 443 (1980). Further, the trial court is allowed broad discretion in ruling on motions to amend pleadings. *North River Ins. Co. v. Young*, 117 N.C. App. 663, 453 S.E.2d 205 (1995).

In the instant case, plaintiff has failed to show that the trial court abused its discretion in allowing defendant's motion to amend her answer. The evidence raises an issue of contributory negligence. Plaintiff testified that she observed defendant's vehicle for at least one, and possibly two, blocks with no visual obstructions traveling towards her in her lane; plaintiff took no evasive action until just prior to impact; the point of impact was entirely within plaintiff's lane; and plaintiff failed to blow her horn in an effort to catch the

attention of defendant prior to the accident. In addition, plaintiff was not prejudiced by the grant of this motion since plaintiff's attorney stated that he had been on notice that defendant intended to amend her answer to include the defense of contributory negligence for some time. Therefore, this assignment of error is overruled.

## II.

**[2]** Plaintiff next argues the trial court erred in instructing the jury on the issue of contributory negligence. However, there is no evidence in the record indicating that plaintiff objected to the contributory negligence instruction being submitted to the jury. Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure provides, "[a] party may not assign as error any portion of the jury charge or omission therefrom unless he objects thereto . . . ." N.C.R. App. P. 10(b)(2). Therefore, plaintiff has not properly preserved this issue for appeal.

## III.

**[3]** Plaintiff also assigns error to the trial court's failure to instruct the jury on gross negligence and last clear chance. However, we note there is no evidence that plaintiff requested an instruction on gross negligence or last clear chance nor is there evidence that plaintiff objected to the omission of such instructions. Accordingly, we conclude this argument was waived by plaintiff because the issue was not properly preserved for appellate review. *See* N.C.R. App. P. 10(b)(2).

## IV.

**[4]** Plaintiff additionally asserts that the jury's finding that she was contributorily negligent was improper since there was no evidence of contributory negligence. We conclude this contention lacks merit.

"Contributory negligence . . . is negligence on the part of the plaintiff which joins, simultaneously or successively, with the negligence of the defendant . . . to produce the injury of which the plaintiff complains." *Jackson v. McBride*, 270 N.C. 367, 372, 154 S.E.2d 468, 471 (1967). The burden is on the defendant to prove contributory negligence. *Wentz v. Unifi, Inc.*, 89 N.C. App. 33, 365 S.E.2d 198 (1988). We conclude there was adequate evidence for a jury to find that plaintiff's negligence contributed to her injuries. The evidence showed that plaintiff observed the vehicle driven by defendant for a minimum of one, and a maximum of two, city blocks prior to impact, that plaintiff

ALFORD v. LOWERY

[154 N.C. App. 486 (2002)]

did not take any evasive action until just prior to impact, that the impact occurred while plaintiff's vehicle was completely within its own lane, and that plaintiff made no attempts prior to the collision to catch defendant's attention. Therefore, the jury's verdict was supported by the evidence and we accordingly conclude plaintiff's argument lacks merit.

The case *sub judice* is representative of the result that often arises from the common law doctrine of contributory negligence. As this Court has previously noted:

> The common law doctrine of contributory negligence has been the law in this State since *Morrison v. Cornelius*, 63 N.C. 346 (1869) . . . . Although forty-six states have abandoned the doctrine of contributory negligence in favor of comparative negligence, contributory negligence continues to be the law of this State until our Supreme Court overrules it or the General Assembly adopts comparative negligence.

*Jones v. Rochelle*, 125 N.C. App. 82, 89, 479 S.E.2d 231, 235 (1997).

V.

[5] Plaintiff finally contends that her legal counsel was not looking out for her best interests, failed to inform plaintiff of her rights, and failed to administer adequate representation. Plaintiff's contention may be characterized as an ineffective assistance of counsel claim. Plaintiff cites no authority and we have found no precedent for setting aside a jury verdict in a civil case based on ineffective assistance of counsel. Therefore, plaintiff's assignment of error is overruled.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

Judges WYNN and TIMMONS-GOODSON concur.